Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of FRANCES SCHULTZ and Minor Dependents, Respondents, for Compensation under the Workmen's Compensation Law, for the Death of HERMAN G. SCHULTZ, v. CHAMPION WELDING AND MANUFACTURING COMPANY, Employer, and THE TRAVELERS INSURANCE COMPANY, Insurance Carrier, Appellants.

*Workmen's Compensation Law — injury arising out of and in course of employment — use of employer's automobile by employee.*

Appeal from an award of the State Industrial Commission.

Award affirmed. All concur, except Woodward, J., dissenting with a memorandum in which Cochrane, J., concurs.

WOODWARD, J. (dissenting): The undisputed facts in this case are that claimant's decedent was employed by the Champion Welding and Manufacturing Company of Buffalo; that on the evening previous to the accident the decedent was directed to go out and look into a job of welding which was to be done. The employer permitted the decedent to make use of a Ford car to reach the point, and allowed the decedent to take the car home with him, returning it the next morning. The decedent, in going to his work on the following morning, and while on a public highway, collided with another car and received injuries from which he died. The accident occurred at about seven-fifteen in the morning, while the employment in which he was engaged did not commence until seven-thirty. The Ford car was not being' used in the master's employment at the time of the accident; no service for the employer was being performed. It is entirely evident from the record that the employee, who was a son-in-law of the real employer, was permitted to use the car for his own purposes, and by no fair construction may it be said that the injury was one " arising out of and in the course of employment." (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148, 151, 152.) It was not a risk incident to the business of the employer any more than would have been the case if the decedent had owned the Ford car and had used it to reach the place of employment; it was not a burden which could properly be charged against the industry in which the decedent was generally employed, but in which he was not engaged at the time of the accident. The award appealed from should be reversed. Cochrane, J., concurs.