In the Matter of the Claim of FRANCES SCHULTZ et al., against CHAMPION WELDING AND MANUFACTURING COMPANY et al., Appellants.

STATE INDUSTRIAL COMMISSION, Respondent.

**Workmen's Compensation Law — relief can be given only when injuries arise both out of and in the course of employment — employee killed while driving employer's automobile from his own home to place of employment before time for commencing work — erroneous award.**

1. The words in the Workmen's Compensation Law " arising out of and in the course of the employment " have a clear and definite meaning, and relief under the statute can only be given when the injuries arise both out of and in the course of the employment. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Matter of Daly* v. *Bates & Roberts*, 224 N. Y. 126, followed.)

2. A foreman who, in going to take charge of an outside job, used an automobile belonging to his employer and after finishing his day's work drove it to his own home, it being left entirely to him whether to take it there or back to his employer's garage, and who, in the morning, while driving the car on a public highway to his employer's place of business before the time when he was to go to work, collided with another car and received injuries from which he died, cannot be properly held to have sustained injuries arising out of and in the course of his employment and an award for his death is erroneous. (*Matter of Kowalek* v. *N. Y. Cons. R. R. Co.*, 229 N. Y. 489; *Pierson* v. *Interborough R. T. Co.*, 184 App. Div. 678; 227 N. Y. 666, followed.)

*Matter of Schultz* v. *Champion Welding & Mfg. Co.*, 194 App. Div. 925, reversed.

(Argued January 11, 1921; decided March 1, 1921.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered November 15, 1920, affirming an award of the state industrial commission made under the Workmen's Compensation Law.

The facts, so far as material, are stated in the opinion.

*E. C. Sherwood, William B. Davis* and *Benjamin C. Loder* for appellants. The accidental injury did not arise out of the employment and did not occur in the course of the employment. (*Johnson* v. *Faribault Bldg. Corp.*, 192 App. Div. 929; 229 N. Y. 626; *Heitz* v. *Ruppert*, 218 N. Y. 148; *Daly* v. *Bates & Roberts*, 224 N. Y. 126; *Kowalek* v. *N. Y. Cons. R. R. Co.*, 229 N. Y. 489; *Diaz* v. *Warren Bros. Co.*, 111 Atl. Rep. 206; *Kingsley* v. *Donovan*, 169 App. Div. 828; *McCabe* v. *B. H. R. R. Co.*, 177 App. Div. 107; *Devoe* v. *N. Y. State Railways*, 218 N. Y. 318; *Whitbred* v. *Arnold*, 99 L. T. 103; *Davies* v. *Rhymney Iron Co.*, 16 Times L. R. 329.)

*Charles D. Newton, Attorney-General* (*E. C. Aiken* of counsel), for respondent. Inasmuch as the employee was using the automobile of his employer in his employer's business, the accident arose out of the employment. (*Matter of Littler* v. *Fuller Co.*, 223 N. Y. 369; *Mole* v. *Wadworth*, 6 B. W. C. C. 129; *Walton* v. *Tredegar I. & C. Co.*, 6 B. W. C. C. 592; *Fallon* v. *Swackhamer*, 226 N. Y. 444.)

McLAUGHLIN, J. This appeal is from an order of the Appellate Division, third department, affirming, one of the justices dissenting, an award of the state industrial commission, made to the widow and minor children of Herman G. Schultz, deceased. The award was made upon the theory that Schultz sustained fatal injuries arising out of and in the course of his employment by the Champion Welding and Manufacturing Company. The business of this company was " welding and machine work." Schultz was the foreman of its shop and also looked after certain outside work. Shortly after five o'clock in the afternoon on the 10th of September, 1919, he left the shop to take charge of an outside job. The employer had an automobile which Schultz, at times, was permitted to use and which he did on this occasion. After he had finished his day's work he drove the car to his own home, it being left entirely to him to determine

whether he would take it there or back to his employer's garage. His compensation in no way depended upon the use of the car and when he decided to take it to his own home his relation was that of a borrower. He kept the car over night and in the morning started to drive it, on a public highway, to his employer's place of business. While doing so the car collided with another car and he received injuries from which he died shortly thereafter.

His injuries did not arise out of and in the course of his employment. The risk involved in using the car to go to the place where he was employed on the occasion referred to was no more a risk of the business of the employer than it would have been had he walked. The words " arising out of and in the course of the employment " have a clear and definite meaning and relief under the statute can only be given when the injuries arise *both* out of and in the course of the employment. (*Matter of Heitz* v. *Ruppert*, 218 N. Y. 148; *Matter of Daly* v. *Bates & Roberts*, 224 N. Y. 126.) This injury did not arise out of either. It occurred while he was on the way to the place where he was employed and before the time when he was to go to work.

This court has recently held that where an employee is injured while on his way to the place where he is to render service, such injuries do not arise out of the employment and are not connected therewith. (*Matter of Kowalek* v. *New York Consolidated R. R. Co.*, 229 N. Y. 489; *Pierson* v. *Interborough Rapid Transit Co.*, 184 App. Div. 678; affd., 227 N. Y. 666.)

The order of the Appellate Division and the award of the state industrial commission should, therefore, be reversed, and the claim dismissed, with costs in this court and in the Appellate Division against the state industrial commission.

HISCOCK, Ch. J., HOGAN and CRANE, JJ., concur; CARDOZO, POUND and ANDREWS, JJ., dissent.

Ordered accordingly.