Before STATE INDUSTRIAL COMMISSION, Respondent.

In the Matter of the Claim of MARTHA LANSING, Appellant, for Compensation under the Workmen's Compensation Law, for the Death of Her Husband, LARENZO LANSING, *v.* WILLIAM E. HAYES, Employer, and ÆTNA LIFE INSURANCE COMPANY, Insurance Carrier, Respondents.

Third Department, May 4, 1921.

**Workmen's Compensation Law — accident not arising out of and in course of employment — chauffeur injured while using automobile for his own purpose with consent of employer — insurance carrier not liable.**

An insurance carrier is not liable on its contract for the death of a chauffeur who, while waiting for his employer, used the automobile for his own purposes with the consent of the employer and received the injuries resulting in his death, though the employer testified that the decedent was in his employ all the time, day and night, for the accident did not arise out of and in the course of the employment.

APPEAL by the claimant, Martha Lansing, from a decision of the State Industrial Commission, entered in the office of the said Commission on the 9th day of August, 1919, denying an award to the claimant on the ground that the accident did not arise out of and in the course of employment.

*Russel S. Johnson,* for the appellant.

*Charles H. Goebel* [*William H. Foster* of counsel], for the respondents,

Kiley, J.:

LaRenzo Lansing was the chauffeur of William E. Hayes, a physician and surgeon, residing at Frankfort, N. Y. He drove his employer to Utica the night of November 16, 1918, arriving at Utica about nine-thirty P. M., and was told to come back for the doctor at twelve o'clock. · In the meantime the car was left in the care and control of the chauffeur. He took some friends for a ride to Frankfort, stopped once on the way and had some drinks, then went to a hotel at Frankfort and all had drinks, and started back for Utica. On the way and at about eleven-twenty-five P. M. met a car, the headlights of which blinded him for the time being, and the car skidded and went into a ditch. Lansing was killed. The doctor swore in his first report of injury that Lansing was in his employ when he was killed; that he was in the habit of doing what he wanted to with the car so long as he kept his engagements with him, which he always did; that Lansing was in his employment all of the time, day and night; that he paid him twenty dollars a week. The following taken from the doctor's testimony shows what he considered his contract with the deceased, so far as his conception of the contract is concerned: " Q. On this occasion, what would have been your attitude, supposing he came at twelve o'clock, and you found out later that he took a party and went down to Herkimer? A. I wouldn't have said anything about it, I wouldn't have discussed it. I felt he was worth more money than I gave him." In *Schultz* v. *Champion Welding & Mfg. Co.* (194 App. Div. 925) we affirmed an award by a divided court. The evening before the accident the decedent was sent to look at a job of welding; he was permitted to take a Ford car to go to the place where the job was located, and from there take the car home and return it in the morning when he came back to the plant; on the way back in the morning he was injured, in a collision, so that he died from the injury. Mr. Justice Woodward wrote a dissenting opinion in which Mr. Justice Cochrane concurred. Mr. Justice Woodward makes the point that the accident occurred at seven-fifteen A. M., and the day's work did not commence until seven-thirty A. M., and that he was not, therefore, engaged in his regular employment. The decision of this

court was reversed in the Court of Appeals. (230 N. Y. 309.) The distinction referred to in the court below, as to the time the day's work commenced, is not considered by the Court of Appeals, the court saying, McLAUGHLIN, J. : " The risk involved in using the car to go to the place where he was employed on the occasion referred to was no more a risk of the business of the employer than it would have been had he walked." The learned judge cites *Matter of Heitz* v. *Ruppert* (218 N. Y. 148) in which Judge POUND writes as follows: " But the statute does not provide an insurance against every accident happening to the workman while he is engaged in the employment. The words ' arising out of and in the course of employment ' are conjunctive, and relief can be had under the act only when the accident arose both ' out of ' and ' in the course of ' employment. The injury must be received (1) while the workman is doing the duty he is employed to perform, and also (2) as a natural incident of the work. It must be one of the risks connected with the employment, flowing therefrom as a natural consequence and directly connected with the work." The claim by the doctor that the deceased was in his employment all of the time is of the character of the statement that any one can make of any of his servants hired by the week, month or year. But the liability of the respondent insurance company is founded upon contract; this third party is a party to that contract and can be held only so far as the employment is covered by that contract. (*Sabatelli* v. *De Robertis*, 192 App. Div. 873; affd., 230 N. Y. 592.) The insurance carrier makes his contract upon the basis of a physician's chauffeur. The duties such chauffeur is to perform and the risks he will encounter in the performance of that duty are known — at least can be comprehended at their worst. Does it include joy riding? I fail to see it. The finding of the Industrial Commission should be confirmed.

Decision unanimously affirmed.