LIPINSKI *v.* SUTTON SALES CO.

MASTER AND SERVANT—WORKMEN'S COMPENSATION ACT—RETURNING FROM LUNCH NOT WITHIN SCOPE OF EMPLOYMENT.

An automobile salesman who usually called at his employer's place of business in the morning to receive names of prospective customers upon whom he called during the day, being free to make sales anywhere in the city

For authorities discussing the question as to what injuries "arise out of and in the course of the employment," see notes in L. R. A. 1916A, 40, 232; L. R. A. 1917D, 114; L. R. A. 1918F, 896.

As to whether death or injury during traveling is an accident arising out of and in the course of the employment, see note in 20 A. L. R. 309.

and take lunch wherever he desired, but who, on the day in question, spent the forenoon at the salesroom because a sale was on, and at noon went to his home for lunch, and, on his way back to the salesroom where he expected to close a sale, received injuries in an automobile collision which caused his death, was not, at the time of the accident, acting within the scope of his employment, within the meaning of the workmen's compensation act.

Certiorari to Department of Labor and Industry. Submitted October 10, 1922.     (Docket No. 51.)     Decided December 5, 1922.

Lottie Lipinski presented her claim for compensation against the Sutton Sales Company for the accidental death of her husband in defendant's employ. From an order awarding compensation defendant and the Maryland Casualty Company, insurer, bring certiorari. Reversed, and order vacated.

*Stevens T. Mason*, for appellants.

*Frank A. Picard* and *Miles J. Purcell*, for appellee.

FELLOWS, C. J.     Plaintiff's husband, decedent, was in the employ of defendant Sutton Sales Company in the capacity of salesman.     Defendant was in the automobile business in Saginaw selling both new and used cars.     The various salesmen in defendant's employ met at its place of business at 8 o'clock each morning and received lists or names of prospective customers upon whom they called during the day. They made sales anywhere in the city and in some instances outside.     They were free to take their lunch when and at such places as they desired.     At the time of the accident defendant had a sale on used cars. Decedent during the forenoon had been about the salesroom.     At noon he went home to lunch, riding with an employee of defendant who lived in his neigh-

borhood and who left him at his home and called for him after lunch.   Returning from their lunch they came in collision with another automobile at the corner of Jefferson and Holt streets some 10 or 12 blocks from defendant's place of business, and decedent was so seriously injured that he died within a few hours.

Defendants' counsel insists that the accident did not arise out of and in the course of decedent's employment.   The accident occurred upon the streets when decedent was returning from lunch and defendants' counsel insists that the case falls within the general rule recognized by text-writers and courts generally and adopted by this court in *Hills* v. *Blair,* 182 Mich. 20, where it was said:

"It is well settled that the burden rests upon the one claiming compensation to show by competent testimony, direct or circumstantial, not only the fact of an injury, but that it occurred in connection with the alleged employment, and both arose out of and in the course of the service at which the injured party was employed.

"While occasional exceptions are noted, as in the case of most rules, it is laid down by the authorities as a general rule that accidents which befall an employee while going to or from his work are not to be regarded as in the course or arising out of his employment."

Plaintiff's counsel insist that the case does not fall within the rule announced in the *Hills Case,* but that it is controlled by a line of cases we shall presently discuss.   Before taking up these cases it is well that we have before us the situation disclosed by the undisputed facts.   Decedent as salesman could make sales anywhere in the city and this was urged upon the argument as one of the reasons why the case should be taken out of the general rule.   But when the accident occurred he was not upon the street in quest of customers nor was he returning from an in-

terview with a prospective customer to make a report. Had decedent been going to see a customer or returning to make a report an entirely different question would be presented. Here, acting upon his own choice and for his own convenience, he went home for lunch and while returning received the fatal injuries. It is indicated in the proof that he expected to close a deal that afternoon and it is insisted that this fact also takes the case out of the rule. But all employees going to the place of their employment in the morning or after lunch expect to there perform services for their employer and if that fact took the case out of the rule, the rule would be nullified.

Taking up the cases relied upon by plaintiff and the department of labor and industry, it will be seen that they are clearly distinguishable from the *Hills Case* and the one now before us. In each of the cases the accident occurred when the employee was within the ambit of his employment. In the case of *Papinaw* v. *Railway Co.*, 189 Mich. 441, the employee was constantly subject to call both day and night. He had gone to the station to mail his report and to look after the switches. He was killed on the master's premises. This court there said:

"This case is readily distinguishable from that line of decisions cited by respondent in which the employee by his contract of hiring was engaged to work during certain hours, and was injured away from his place of employment, while going to or returning from work, or was absent during some intermission for meals, or otherwise, not then upon his employer's business nor subject to his control, at liberty for the time to go where and do what he pleased, free from any claim of the employer upon his services. Here it is shown conclusively that by his contract of hiring deceased was at the time of his death required to be within reach, liable at any time to be called to work upon the track, and in that sense on duty subject to his employer's orders and control."

In *Kunze* v. *Detroit Shade Tree Co.*, 192 Mich. 435 (L. R. A. 1917A, 252), the employee was the foreman and his duties required him to go upon the streets from one job of tree trimming to another. While performing such duty, and going from one job to another he received the fatal injury. It was held that the case was within the statute. Deceased was there performing services he was hired to perform. Similar in principle is the recent case of *Punches* v. *American Box Board Co.*, 216 Mich. 342. There the employee as a part of his duties to his employer cared for a team, taking it home at night and bringing it back in the morning. While in the discharge of such duty of bringing the team back in the morning he received a fatal injury. It was held that the accident occurred when decedent was acting within the scope of his employment.

In *Beaudry* v. *Watkins*, 191 Mich. 445 (L. R. A. 1916F, 576), the fatal injury was received on the street; but the employment of the deceased took him upon the street. He had been to lunch but was going on his bicycle to "pick up" a package for his employer. A majority of the sitting members of the court concluded that the accident arose out of and in the course of the employment.

In the border line case of *Haller* v. *City of Lansing*, 195 Mich. 753 (L. R. A. 1917E, 324), the accident occurred during the noon hour but it occurred on the premises of the employer where the employees were expected to eat their noonday lunch, "on the job," and it was held that the accident was within the purview of the act. In *Malone* v. *Railway*, 202 Mich. 136, the employee belonged to the track-laying department. His employment was for service upon the street. He was injured while waiting during the hours of employment for the operator of the concrete crusher to arrive. It was held that there was a liability under

the act.    In the recent case of *Clifton* v. *Kroger Grocery & Bakery Co.*, 217 Mich. 462, the accident occurred upon the street; but the employee was in that case by the express orders of the employer for the entire period of 24 hours charged with a duty to the employer, *i. e.*, that of caring for the employer's money.    While in the discharge of that duty and having it in his possession, and while taking another course by reason of such possession, he was injured; liability was sustained.

An examination of the cases where the accident was upon the street and liability was sustained will disclose that in each case the employee was *at the time of the accident* in the discharge of his duties to the employer and the accident arose out of the discharge of such duties.    Not so the instant case.    When the accident occurred here the decedent was in the discharge of no duty to the employer and the accident did not arise out of such employment.    Unless we are prepared to overrule *Hills* v. *Blair, supra*, this award can not stand.    This we are not inclined to do.    See *Hopkins* v. *Michigan Sugar Co.*, 184 Mich. 87 (L. R. A. 1916A, 310) ; *Sichterman* v. *Kent Storage Co.*, 217 Mich. 364.

The award will be vacated.

WIEST, McDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.    MOORE, J., did not sit.