COVEY-BALLARD MOTOR CO et al. v. INDUSTRIAL
COMMISSION et al.

No. 4144. Decided July 19, 1924. (227 Pac. 1028.)

MASTER AND SERVANT—INJURY TO AUTOMOBILE SALESMAN GOING
HOME HELD NOT COMPENSABLE AS "ARISING IN COURSE OF EM-
PLOYMENT." Where salesman of automobile company, who was
paid on commission basis and controlled his own activities,
was injured when he had no prospective customer in view and
while riding home in his own automobile, after attending
meeting in office of employer, *held*, that injury was not com-
pensable as "arising in course of employment."[1]

Proceedings under Workmen's Compensation Act by
William R. Johns, opposed by the Covey-Ballard Motor Com-
pany, employer, and the State Insurance Fund, insurance
carrier. An award of compensation was made, and insur-
ance carrier applied for a writ of review.

[1] *North Point Consol. Irr. Co.* v. *Industrial Commission*, 61 Utah,
421, 214 Pac. 22.

(1)

*q*

AWARD ANNULLED.

*Bagley, Judd & Ray,* of Salt Lake City, for plaintiffs.

*Harvey H. Cluff,* Atty. Gen., and *J. Robert Robinson,* Asst. Atty. Gen., for defendants.

GIDEON, J.

On October 1, 1923, Wm. R. Johns filed written application with the Industrial Commission asking to be awarded compensation for an injury alleged to have been sustained by him while in the employ of the Covey-Ballard Motor Company. A hearing was had and an award made by a divided Commission. In due time the insurance carrier applied to this court for a writ of review. The writ was issued, and the proceedings had before the Commission and the testimony taken are before us.

The petitioner here has filed a printed brief. No brief has been filed on behalf of the Commission.

The legal question for determination is, as stated in petitioner's brief, ''Did the accident suffered by the applicant, arise out of or in the course of his employment.''

There is no serious dispute as to the facts surrounding the accident. The applicant was a salesman for the Covey-Ballard Motor Company. He worked and was paid on a commission basis. It was part of his duties to report at the office each morning at 8:15 o'clock. At this time prospective purchasers of cars were reported. Some discussion and suggestions respecting the method of making sales were had also. After this time the salesmen employed on a commission basis controlled their own activities. They called upon prospective purchasers or sought new ones, just as they found it to be to their interest. It also appears that during the month in which the accident occurred the salesmen were requested to report at the office during the evening of each day. During that month, as expressed by some of the witnesses, there was a special drive to try and increase sales, owing to the

fact that the motor company had bought heavily of cars for that season. On the evening of the accident applicant was at the office of the company. There is some evidence that he was engaged in showing or demonstrating cars to prospective purchasers that he had at that time. About 9:45 p. m. Mr. Johns took his own car and started to drive to his home in Murray, a village approximately seven miles south of Salt Lake City. On the way home he ran into a telephone pole, and received the injuries for which compensation is sought.

It is the contention of the motor company and the insurance carrier that there is no testimony to support the claim that the injury arose out of or in the course of the employment. We are of opinion that the contention must be sustained.

There is testimony tending to show that it was the duty of a salesman, such as the claimant, to be at all times on the lookout for prospective purchasers, and that it was not only his duty but his privilege to make sales and to interest prospective purchasers at any and all times and wherever he happened to find a prospective buyer. The majority of the Commission apparently took the view that, such being the nature of his duty and employment, the accident occurred in the course of his employment. It is undisputed that the applicant had no prospective purchaser in view; that he did not, during that evening, after he left the office of the motor company, speak to any one about the purchase of a car; nor did he make any demonstration to any one with a view of selling a car. He so states in his own testimony. Commissioner Knerr propounded to him the following question: "At this particular time were you on your road to demonstrate a machine, or what?" Claimant replied: "No, I was not; I was heading for home." The applicant was riding in his own car. He selected his own route. He had no prospective purchaser in view, and none in mind, but was simply going home after his day's work. These facts lead to but one conclusion, namely, that he was on his way home from his employment, and that the accident did not arise out of his employment nor in the course of his employment. If it had been

shown that he was doing something which a salesman usually does to secure a purchaser for the wares that he is selling, there might then be some basis upon which the Commission's award could be sustained. But we find nothing in this record that justifies or supports the claim that the accident happened in the course of applicant's employment.

The following cases are cited by the petitioners here as throwing some light at least upon the question here determined: *North Point Consol. Irr. Co.* v. *Industrial Commission,* 61 Utah, 421, 214 Pac. 22; *Lansing* v. *Hayes,* 196 App. Div. 671, 188 N. Y. Supp. 329; *Scanlon* v. *The Herald Company,* 201 App. Div. 173, 194 N. Y. Supp. 663; *Lipinski* v. *Sutton Sales Company,* 220 Mich. 647, 180 N. W. 705; *De Voe* v. *New York State Ry.,* 218 N. Y. 318, 113 N. E. 256, L. R. A. 1917A, 250; *Reed* v. *Bliss & Van Auken Lumber Company* (Mich.) 196 N. W. 420; *Louisville-Lozier Co.* v. *Sallee,* 167 Ky. 499, 180 S. W. 841.

The award is annulled.

WEBER, C. J., and THURMAN, FRICK and CHERRY, JJ., concur.