SAMUEL RACHELS, PROSECUTOR, v. ANNIE PEPOON, RESPONDENT.

. Decided January 18, 1927.

Workmen's Compensation—Death of Employe While on Way to His Employment in His Own Hired Conveyance, Which He was Occupying Instead of That of His Employer, With Employer's Consent—Held, That Accident Occurred While in the Course of Employment—Employe was Accustomed to Go From Passaic to Hoboken in Employer's Car—On Night in Question Employe Asked Permission to Attend to Private Business Which Would Detain Him Beyond Time of Departure of Employer's Car—Permission was Granted Upon Understanding That Employe Would be in Hoboken in Time to Take Up His Work—He was on His Way When Accident Occurred.

On *certiorari.*

Before Justices BLACK and CAMPBELL.

For the prosecutor, *Frank G. Turner.*

For the respondent, *Jacob I. Jaffe.*

PER CURIAM.

This writ brings up for review a judgment of the Passaic Common Pleas Court, affirming a judgment of the workmen's compensation bureau, awarding respondent compensation for the death of her son, Robert Louis Pepoon.

Pepoon worked for Rachels, who was a wholesale newspaper dealer, taking delivery of his papers in Hoboken, and distributing them by trucks to his customers who were local, retail dealers. Pepoon was a helper on one of these distributing trucks. The trucks were hired by Rachels and the drivers were furnished by the truck owners. Pepoon's practice and duty was to ride on one of these trucks from Passaic to Hoboken, there assist in assorting and preparing the papers,

and from there accompany a truck over a route and assist in the distribution and delivery to Rachel's customers.

On the night of his injury, he requested Rachels to grant him leave to attend to some personal affair that would detain him beyond the time of the departure of the trucks from Passaic for Hoboken. This privilege was accorded him upon his promise that he would be in Hoboken at three A. M. to take up his work and duties there. He attended to the item of business which required his attention, and then undertook to go from Passaic to Hoboken in an automobile, which he hired, or borrowed, and which he drove himself. While on his way from Passaic to Hoboken, he traveled over the Paterson plank road, the route he would have gone over by means of one of the trucks. His car came in collision with another car and he received injuries from which he died.

We think the accident, causing the injuries resulting in death, arose out of and in the course of the employment of Robert Louis Pepoon. It did not happen while he was about his own business and personal affairs, but after the conclusion thereof. Under the facts in this case we think his service began when he left Passaic and proceeded toward Hoboken. While his actual work began in the latter place, yet, to reach there was an act within and necessary in his service toward his employer. Such would seem to have been the practice and custom on all other occasions when his means of transportation was one of the trucks in his employer's service.

Such would seem to be the conclusion to be reached from two recent cases in this court: *Theresa Bolos* v. *Trenton Fire Clay and Porcelain Co.,* 4 N. J. Adv. R. 1211, and *Ramsey* v. *Leahey,* 4 N. J. Adv. R. 1296.

The judgment under review is affirmed and the writ dismissed.