## SOUTHERN CASUALTY CO. v. EHLERS.
### (No. 8115.)

Court of Civil Appeals of Texas. San Antonio. Jan. 23, 1929.

Rehearing Denied March 6, 1929.

Eskridge & Williams, of San Antonio, and Chas. Troy, of Beeville, for appellant.

J. C. Dougherty and G. C. Robinson, both of Beeville, for appellee.

SMITH, J. The appeal presents the question of whether or not the injuries for which appellee recovered compensation were sustained in the "course of his employment," as contemplated in the Workmen's Compensation Act (Rev. St. 1925, arts. 8306–8309).

Appellee was a young unmarried man, residing with his parents in the village of Orange Grove. He was in the employment of the Jackson Motor Company at Sinton, as an automobile salesman, in an undefined territory in San Patricio and nearby counties. He was under no restrictions as to the time, place, or manner of doing the work for which he was employed, seeking customers when and where and as he pleased, and making his sales and deliveries with like freedom of action.

Appellee had effected the sale of two trucks to customers residing in or near Orange Grove. He went to Sinton, obtained the two trucks from his employer, and with other drivers, set out to deliver them on April 19, 1926. The trip from Sinton was slow, so that they reached Orange Grove too late to make deliveries on that day. One of the trucks was left at appellee's home for the night, and the other at a nearby filling station, to be delivered by appellee to the purchasers, probably on the next day. That night a dance was given at Skidmore, another town 22 miles from Orange Grove, and appellee attended the dance in accordance with his habit of attending such functions whenever they occurred within his reach. He attended this dance, however, with the additional purpose of making sales, if possible, to two "prospects" in Skidmore. He drove to Skidmore in his coupé, which he used for demonstration purposes. He found the prospects, drove around the community with one of them, demonstrating his car, until about 10:30, finishing up at the place of the dance. There he met the other prospect, and tried to make a sale to him. This interview ended at about 11 o'clock, and then appellee devoted the remainder of his time to the pleasures of the occasion until the dance ended at midnight, or a little later. He then set out for his home at Orange Grove, accompanied in his car by a friend. On the way home his car collided with an apparently abandoned "trailer" of another car, and appellee was seriously injured. Subsequently he made claim, before the State Industrial Accident Board, for compensation, against appellant, with whom appellee's employer was insured, under the provisions of the Workmen's Compensation Act. The board denied the claim, upon the ground that appellee's injuries did not occur in the course of his employment. Appellee then carried his claim into the district court, in which he was awarded compensation, that court holding that he was injured in the course of his employment, and that one question now confronts this court for decision through the appeal of the insuring casualty company.

It must be conceded that appellee was well within the course of his employment while going from his home at Orange Grove to the place of the dance at Skidmore, and until he had completed his interview with the two prospects encountered there. It is equally clear that if, at the end of those interviews, he had gotten in his car and gone on back to Orange Grove, and there completed delivery of the trucks parked earlier in the night, without in the meantime stepping aside to do other things not connected with his employment, the scope of his employment would have encompassed him throughout the period in which he would have been so employed, and any injury sustained by him during such period would have been compensable.

But this course is hypothetical; it was interrupted by an actual event, and a contrary purpose, which was itself interrupted by the accident. For, instead of directly proceeding to Orange Grove and resuming delivery of the trucks, he stepped aside from that course and engaged in the dance for the period of about an hour, and then departed for Orange Grove, not for the purpose of resuming without further interruption the delivery of the trucks he had sold, but to get a night's repose. In this connection appellee makes the contention that there is no evidence that when he set out for Orange Grove it was not with the purpose of proceeding at once to the task of delivering the trucks. But there is nothing to this contention, for it is undisputed that he suspended delivery of the trucks upon arrival with those vehicles at Orange Grove, for the reason that he arrived there with them at sundown, too late for delivery that day, and accordingly he parked them for the night with the intention to deliver the next day. It becomes a matter of course that, if the hour of sundown was too late for delivery that day, then 1 o'clock at night would also be too late for that purpose.

So the problem is narrowed to the question of whether the course of appellee's employment was effectually interrupted, within the contemplation of the law, by his stepping aside to spend an hour at the dance, and by the intention of proceeding thence to Orange Grove with the immediate purpose of spending the balance of the night at rest in his home before resuming the activities of his employment.

The question of whether or not appellee was injured in the course of his employment was submitted to the jury through a special issue in which they were required to say if appellee, at the time of the accident, was "engaged in the performance of his duties as an employee of the" subscriber. In submitting this issue, the court instructed the jury as follows:

"In connection with the above issues you are instructed that, if, prior to said accident, Charles Ehlers had been engaged in an effort to sell the goods of his employer, but later, and still before said accident, had stepped aside from such duties and engaged himself in affairs of pleasures of his own, and, at the time of said accident, had not again resumed the performance of the duties of his employment, then, and if you so find, you will answer 'No' to said question."

The jury answered the special issue in the affirmative. No objection appears to be urged by either party to the form or substance of the special issue, or of the accompanying instruction, and hence the finding of the jury thereon would be conclusive upon this court if there was any material evidence to support it. But, as a practical matter, the evidence is undisputed, whereby a question of law, rather than of facts, is presented. Ordinarily the issue of whether at a given time an employee is acting in the course of his employment is one of fact to be determined by the trial jury or court, as the case may be, but, where the evidence disclosing the situation of the employee at the time he receives injury is undisputed and presents no conflict, then the question becomes one of law, to be applied by the trial judge to the undisputed facts, subject to review and revision by the appellate courts. Such is the case presented in this appeal. We have already stated the case made by the undisputed facts, and it becomes our duty to determine if the trial court correctly applied the law to the undisputed facts, without reference to the finding of the jury. In the exercise of this prerogative, it is our duty to keep in mind the object of the Compensation Act, and to liberally construe the terms of that act so as to accomplish that humane and obvious object, which is to protect industrial employees and their families against the consequences of injuries received by those employees in the course of their employment.

The fact that appellee was injured while and as a result of traveling upon a highway is immaterial, although discussed at length by appellee in his brief. The hazard of highway travel was but an incident of appellee's employment, and, if he was injured as a result of such hazard, his right to compensation would not be thereby affected or impaired, provided he was at the time engaged upon an errand in behalf of his employer and within the scope of his employment.

So does the record warrant the assumption, which must be indulged in support of the jury finding and of the judgment rendered, that appellee was returning to Orange Grove with the ultimate purpose of delivering the trucks he had previously sold, and which he had already brought to Orange Grove for that purpose. By this process we again approach the controlling question, Did the act of appellee in stepping aside from the course of his employment to engage for an hour in the purely personal pastime of dancing, and the immediate purpose of going direct from the dance to his home for a night's rest, and the happening of the accident while putting that immediate purpose into effect so interrupt the course and break the continuity of his employment as to change his status and take him out of the protection of the Compensation Act? We have concluded that the question must be answered in the affirmative.

We think it is true that, up to the time he completed his interview with the second prospect at the place of the dance, at 11 o'clock of the night in question, appellee was within the course of his employment. We are inclined to go further and express the unnecessary conclusion that, had appellee resumed the actual course of his employment after indulging in an hour's personal enjoyment of the dance, and had been thereafter injured while still in the course of that employment, his injury would have been compensable, and the hour's personal indulgence would have been but an immaterial incident of his errand of duty, since the accident did not occur during that hour.

But the incident of stepping out of the line of duty to indulge in the dance becomes important as the starting point of his next movement. For, by stepping aside for an hour to indulge in a personal pleasure wholly disconnected from his employment, he broke the continuity of that employment, and he had not gotten back within the course of that employment at the time of the accident which resulted in his injury. If he had carried out his obvious intention, he would have gone directly from the dance to his home, there to spend the night in rest, and was in fact on his way home for that obvious purpose when he received the injury. It was not his intention to resume the duties of his employment until the next day and until after he had gone home and rested there through the night, and, if he had carried out his intention, he would not have gotten back into the course of his employment until he had begun the actual work of delivery of the trucks the next morning. That was an unfinished task, which he had left early in the evening, and he could not be held to have resumed it until he returned to possession of the trucks thereafter. He left that task to perform the other of interviewing the two prospects at Skidmore. He completed the latter task at 11 o'clock that night, went from that task to the purely personal pleasures of the dance, and was on his

way to the purely personal pleasure of a night's rest when he was injured, with no intention of resuming his work until the next morning. He sustained the injury during this hiatus, while going from one personal pleasure to another. We hold that the injury was not sustained by him while engaged in the course, or within the scope of his employment. While no Texas case directly in point has come to our notice, the case of American Indemnity Co. v. Dinkins (Tex. Civ. App.) 211 S. W. 949, in which writ of error was refused by our Supreme Court, upholds the principle stated, and discusses other authorities at length. Appellant cites appropriate authorities from other states, such as Covey-Ballard Motor Co. v. Industrial Commission, 64 Utah, 1, 227 P. 1028; Northwestern Pac. R. Co. v. Industrial Accident Commission, 174 Cal. 297, 163 P. 1000, L. R. A. 1918A, 286; Case of Hewitt, 225 Mass. 1, 113 N. E. 572, L. R. A. 1917B, 249; Haas v. Kansas City Light & Power Co., 109 Kan. 197, 198 P. 174; and London Guarantee & Accident Co. v. Industrial Accident Commission, 190 Cal. 587, 213 P. 977. Appellee cites the cases of Fidelity & Casualty Co. of New York v. Kansas City Rys. Co., 207 Mo. App. 137, 231 S. W. 278; Tutie v. Kennedy (Mo. App.) 272 S. W. 117; Rachels v. Pepoon, 5 N. J. Misc. Rep. 122, 135 A. 684; Royal Indemnity Co. v. Hogan (Tex. Civ. App.) 4 S.W.(2d) 93; Ramsey v. Leahey, 102 N. J. Law, 513, 134 A. 91; Schroeder v. Industrial Commission, 169 Wis. 567, 173 N. W. 328. We do not understand the decisions in those cases to set up a different rule from that adopted here, however; the facts in those cases distinguish them from this case.

The jury's finding upon the controlling issue in this case amounted to an erroneous conclusion of law upon the undisputed facts, and should have been set aside by the trial court in response to appellant's motion for new trial.

The judgment is accordingly reversed, and the cause remanded.