THE FIDELITY & CASUALTY COMPANY OF NEW YORK and LEE MOTORS OF FORT MYERS, INC., v. MRS. CHARLES S. MOORE, JR.

196 So. 495
En Banc
Opinion Filed May 21, 1940

*Shackleford, Farrior & Shannon,* for Plaintiffs in Error; *Alderman & Alderman* and *F. Lyn Gerald,* for Defendant in Error.

TERRELL, C. J.—Prior to his death on December 8, 1937, Charles S. Moore, Jr., was an employee of Lee Motors, Inc. He was Secretary and Treasurer of the company and manager of its parts department. The company maintained a twenty-four hours service, making it necessary for Moore to be available at any time.

On Sunday night, December 5, 1937, Charles S. Moore, Jr., went to his place of business, turned off the lights which he left on earlier in the evening, carried his wife home, and started back at once. On the way back to his place of business, his car struck a palm tree, resulting in injuries from which he died a few days later. His widow, the appellee, filed her claim for compensation which the Florida Industrial Commission investigated and awarded benefits to Mrs. Moore at the rate of $11.27 per week for not exceeding 350 weeks. From that award, Lee Motors of Fort Myers, Inc., and its insurance carrier appealed to the circuit court which affirmed the award of the Industrial Commission. The present appeal is from the decree of the circuit court approving the award.

The essential question for determination may be stated as follows: Under the facts detailed did the injury and death of Charles S. Moore, Jr., arise out of and in the course of his employment as contemplated under the Workmen's Compensation Act?

There is no dispute about the essential facts. It is admitted that Moore was an officer and an employee of Lee Motors of Fort Myers, Inc., that said company maintained a twenty-four hours service, and that the deceased was subject to call at any time, that on the evening he was killed he was at his place of business and went in his own car to carry his wife home and was killed while returning to his place of business in the manner stated.

The cases generally hold that for an injury to arise out of and in the course of one's employment, there must be some causal connection between the injury and the employment or it must have had its origin in some risk incident to or connected with the employment or that it flowed from it as a natural consequence. Another definition widely approved is that the injury must occur within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental to it.

When the accident which resulted in Moore's death took place, he was on a mission purely personal to himself and wife and had no connection whatever with his employment; it did not flow from nor was it in any way incident to his employment. The following cases are in one or more respects analogous to the case at bar and hold definitely that an employee is not covered by the Workmen's Compensation Act if injured on a personal mission: N. Y. Indemnity v. Industrial Accident Commission, 87 Cal. App. 105, 261 Pac.

1106; Lippinski v. Sutton Sales Company, 220 Mich. 647, 190 N. W. 705; Duggan v. Tooms-Fay Sash & Door Co., 228 Mo. App. 61, 66 S. W. (2nd) 973; Brathwohl v. Nassau, 214 N. Y. S. 496, 216 App. Div. 107; Covey-Bullard Motor Company v. Industrial Commission, 64 Utah 1, 227 Pac. 1028; Fidelity & Casualty Company of N. Y. v. Industrial Accident Commission of Cal. 48 Cal. App. 572, 192 Pac. 166; Traders & General Insurance Co. v. Ratcliff, Tex. Civ. App., 54 S. W. (2nd) 223.

A great many more cases might be cited but the foregoing involve elements similar to those in the case at bar and we think conclude the question raised here. This must be the rule, otherwise, the requirement that the accident arise out of and in connection with the employment is meaningless It is not questioned that the deceased was at the time of his death on a very laudable mission but that does not bring it within the terms of the Act. It took place on Sunday evening when he was not responding to a business call and he was on a mission in no way connected with the business.

We do not overlook the rule that workmen's compensation laws should be construed liberally in favor of the claimant and all doubts resolved in their favor but in this case the deceased deliberately abandoned his business to go on a personal mission that was wholly apart from the business and the cases generally hold that there is no ground for recovery under such circumstances.

Much is said in the briefs of counsel about the presumption indulged in by the Workmen's Compensation Act to the effect that in the absence of substantial evidence to the contrary, it will be presumed that the claim comes within the provision of the Act, relieving the claimant of the burden of proving that the injury arose out of and in the course of the employment.

That presumption has no application in this case. In the first place, it does not relieve against proving that the accident occurred and that it arose out of and in the course of the employment. In the second place, we understand that this presumption is like all others, applicable only in the absence of evidence and that when substantial evidence of a fact is submitted, the presumption vanishes.

To support her contention, appellee relies on Livers v. Graham Glass Co., 95 Ind. App. 358, 177 N. E. 359. We have examined that case and the basic facts are different from those in the case at bar. In the latter case, Livers was on his way to the factory as was his custom daily to check up at the plant. In other words, he was on his daily task for the company while in the case at bar, the deceased left his employment on a purely personal mission and was killed.

Reversed.

WHITFIELD, P. J., BROWN, and THOMAS, J. J., concur.

BUFORD and CHAPMAN, J. J., dissent.

BUFORD, J. (dissenting).—It is my opinion that when Moore was taking his wife home he was not on his employer's business but, having taken his wife home he there ended his personal mission and when he started back to his employer's place of business to fulfill his obligation to his employer, he was from that moment on his employer's business in the discharge of the duty which he was obligated to perform.

It was not necessary to return to the employer's place of business except for the purpose of discharging the duty to his employer which he was obligated to discharge.

It was his personal duty to take his wife home because of her then condition. He could have stayed at home with her in disregard of his duty to his employer. He did not

108

do that but chose to discharge his duty to his employer and attending to his employer's business. I think the award should be affirmed.

CHAPMAN, J., concurs.