Sims Tire Service, Inc., a Corporation, Employer, and Continental Casualty Company, Carrier, Appellants, v. Laura K. Parker, Appellee.

200 So. 524
Special Division B
Opinion Filed February 4, 1941
Rehearing Denied En Banc, March 7, 1941

*Osborne, Copp & Markham, Ray W. Richardson* and *J. Henson Markham,* for Appellants;

*Emmet Safay,* for Appellee.

PER CURIAM.—This appeal is from an order of the circuit court affirming on appeal an award by the Florida Industrial Commission under the Workman's Compensation Act, to the widow of a deceased employee because of his fatal injury in an automobile collision at night after leaving employer's place of business in the City of Jacksonville, Florida. The main contention here is that the deputy commissioner, James R. Knott, who first made the award, and the full Commission, in confirming the award made by the deputy commissioner, gave the statutory presumption, under Section 26 of Chapter 17481, Acts of 1935, the force and weight of evidence after evidence was adduced as to whether the decedent was on his way home from his place of em-

ployment at the time of the fatal injury, or was then on a mission for his employer in which latter event the widow would be entitled to the award. See So. States Mfg. Co. v. Wright, filed this term. Cohen v. Sloan, 138 Fla. 752, 190 So. 14; Fidelity & Cas. Co. v. Moore, 143 Fla. 103, 196 So. 495, 71 C. J. 711.

The evidence is ample to sustain the finding, and the award as made and approved by the deputy commissioner, the full Commission and the circuit court, without considering the statutory presumption; and the reference to the statutory presumption mentioned in the proceedings may be regarded as immaterial and harmless surplusage. No substantial error is made to appear and the order appealed from is affirmed.

Affirmed.

BROWN, C. J., WHITFIELD, TERRELL and CHAPMAN, J. J., concur.

## ON PETITION FOR REHEARING

PER CURIAM.—When a claim for compensation is duly made under the Florida Workmen's Compensation Act, the statutory presumption is in favor of the claim, but this does not relieve claimant from proving that the accident occurred and arose out of and in the course of employment. See Fidelity & Casualty Co. v. Moore, 143 Fla. 103, 196 So. 495. If opposing evidence is adduced, the issues are to be determined by the probative force of the evidence.

In this case, the evidence adduced was legally sufficient to sustain the findings of the Commission, which were affirmed by the circuit judge in affirming the award made. Reference to the statutory presumption in the findings of the Commission did not affect the findings or the award as made by the Commission upon evidence sufficient to sus-

26

tain the findings and the award without considering the presumption.

The statutes of the State contain the following:

"It shall be the duty of the court on an appeal or writ of error to examine the record, to reverse or affirm the judgment, sentence or decree of the court below, or to give such judgment, sentence or decree as the court below ought to have given, or as to it may appear according to law." Sec. 4637 (2918) C. G. L.; Act of Feb. 10, 1932.

"No judgment shall be set aside or reversed, or new trial granted by any court of the State of Florida in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed." Sec. 4499 (2812) C. G. L.

Rehearing denied.

BROWN, C. J., WHITFIELD, TERRELL, BUFORD and CHAPMAN, J. J., concur.