BITUMINOUS CASUALTY CORPORATION, *et al.* v. GARFIELD RICHARDSON

4 So. (2nd) 378
En Banc
Opinion Filed October 24, 1941

*Weldon G. Starry,* for Appellants;

*Ernest C. Wimberley,* for Appellee.

BUFORD, J.—The appeal brings for review judgment of the Circuit Court affirming an award which was made by the Florida Industrial Commission which in turn was affirming an award made by Deputy Commissioner.

The sole question involved is, whether or not the injury occurred in an accident arising out of and in the course of the employment.

The facts, in short, as disclosed by the record, are: On April 6, 1940, claimant was employed by Allen Groves as a laborer in the task of loading, hauling, and unloading boxes of fruit from citrus groves to a packing house. A Mr. Delaplace was the foreman of Allen Groves in charge of the work and having supervision over the claimant Garfield Richardson. Delaplane was operating an auto-truck belonging to Allen Groves and Richardson, under the supervision, direction and command of Delaplane, was assisting in loading and unloading and going back and forth on the truck with Delaplane to and from the respective termini. The truck was provided with a seat but no cab and while Delaplane was operating the truck on the highway in the course of the employment at a rapid rate of speed Richardson's hat blew off by reason of the force of wind created by the speed of the truck; Delaplane stopped the truck for Richardson to recover his hat; Richardson got off the truck, went back to the place where his hat fell, picked it up and, as he turned and started back to the truck, he was hit by a passing automobile and injured.

It is the contention of the appellant, as it was before the Commission and the lower court, that Richardson had departed from the duties devolved upon him by his employment and was on a private mission, going after his hat, and therefore, that the accident did not arise out of and in the course of his employment. We cannot agree with this contention. It is not contended at all that Richardson was not in the course of his employment while riding on the

truck with Delaplane and we must hold that the necessity for him to stop and get his hat was an incident which occurred in connection with his employment. The employer's vice-principal was present, and, in effect, directed Richardson to get his hat because he stopped the truck for that purpose.

To hold otherwise would be in effect to hold that for the employer and surety company in such cases to be liable, the accident must occur while the employee is actually performing the work for which he is employed. Under such holding, if a workman in a building laid down his tools and went to the place provided for drinking water to get a drink and as he returned to take up his tools and proceed with his work was struck by a falling timber, or otherwise injured, no recovery could be had. Richardson and Delaplane did the only thing that reasonable men would have done under the circumstances when Delaplane stopped the truck to allow Richardson to retrieve his hat which had been blown off because Richardson was on the truck in the course of his employment.

In the Illinois case of Bertha Scholl, *et al.*, plaintiff in error v. Industrial Commission, *et al.*, 366 Ill. 588, 10 N.E. 360, the court defines the phrases "arising out of" and "in the course of employment" and says: "The phrase 'arising out of' and the phrase 'in the course of employment' are used conjunctively. The words 'arising out of' refer to the origin of the cause of the accident, while the words 'in the course of employment' refer to the time, place and circumstances under which the accident occurs." This is a clear and concise construction of these words as used in the statute.

It has been generally held that the accident must occur while the employee is acting within the duties of his employment or in some act incidental thereto. See Angerstein v. Workmen's Compensation, 349 Ill. 220, 181 N. E. 613. See also Taylor Coal Co. v. Industrial Commission, 301 Ill. 548, 134 N. E. 172.

In the case of Railway Express Agency Inc. v. Myrtle Hall Lewis, 156 Va. 800, 159 S.E. 188, it was held:

"An injury sustained in an automobile collision by a truck driver employed by an express company to receive and deliver packages, who made his own selection of the course to follow in going from one point to another, which occurred during working hours while he was on his way with packages to the employer's place of business, is one arising out of and in the course of employment so as to be compensable under the Workman's Compensation Act, although he was returning from a personal errand for the purpose of which he had deviated from a direct route, but to perform which had obtained the consent of his employer."

In this case the facts were that while the employee was at the main station of the employer on the afternoon of May 17, 1930, Lewis informed his immediate superior that his wife was sick and asked permission to take her some chickens. There was no objection to Lewis doing this. He took the chickens to his wife and as he was returning to his work the injury occurred.

The instant case is a much stronger case for the claimant than was that case.

Another case involving facts in which it is shown that the employee had diverted from the duties of

his employment and thereby missed connection with the truck furnished by the employer for the employee's convenience in returning to its place of business and was killed while so returning, is Rachaels v. Pepoon, 5 N. J. Misc. 122, 135 Atl. 684.

The courts are almost unanimous in holding that when an employee who is injured after he has finished his private errand and while he is within the process of returning the place where he is to continue to perform his services as an employee, the injury is held to arise out of and in the course of the employment. See California—Western P.R. Co. v. Industrial Acci. Comm. (1924), 193 Cal. 413, 224 Pac. 754; Federal Mut. Liability Ins. Co. v. Ind. Acci. Comm. (1928), 94 Cal. App. 251, 270 Pac. 992. Idaho—Zeier v. Boise Transfer Co. (1927), 43 Idaho 549, 254 Pac. 209. Michigan—Beaudry v. Watkins, (1906) 191 Mich. 445, L.R.A. 1916F 576, 158 N.W. 16. New Jersey— Rachaels v. Pepoon (1927) 5 N. J. Mis. R. 122, 135 Atl. 684, 104 N. J. L. 183, 139 Atl. 923; Soden v. Public Serv. Trans. Co., 4 N. J. Mis. R. 817, 134 Atl. 560, 103 N. J. L. 713, 127 Atl. 437; Pennsylvania— Webb v. North Side Amusement Co., 298 Pa. 58, 147 Atl. 846; South Dakota—Stratton v. Interstate Fruit Co., 47 S. D. 452, 199 N. W. 117. Texas—Hartford Acc. & Ind. Co. v. Durham, 222 S. W. 275. Virginia —Railway Exp. Agency v. Lewis, 76 A.L.R. 350. California—Mountain v. Industrial Acc. Comm. 92 Cal. App. 174, 267 Pac. 913. New York—Lansing v. Hayes, 196 App. Div. 671, 188 N. Y. Supp. 329; Shultz v. Champion Welding & Mfg. Co., 230 N. Y. 309, 130 N. E. 304; Markowitz v. National Headwear Co., 213 App. Div. 461, 210 N. Y. Supp. 673. Texas—Southern Casualty Co. v. Ehlers, 14 S. W. (2nd) 111. Eng-

land-Martin v. J. Lovibond & Sons, 2 K. B. 227, 6 B.R.C. 466, 5 N.C.C.A. 985-C.A.

While the authorities above cited support the rule as stated, we do not adopt such rule but adhere to the rule established in Fidelity and Guaranty Co. v. Moore, 143 Fla. 103, 196 Sou. 495, and in Sweat v. Allen, 145 Fla. 733, 200 Sou. 348. The factual conditions differentiate this case from the Moore case and the Allen case.

On the entire record, no reversible error is made to appear.

The judgment is affirmed.

So ordered.

BROWN, C. J., WHITFIELD, TERRELL and ADAMS, J. J., concur.

CHAPMAN, J., concurs specially.

THOMAS, J. concurs with CHAPMAN, J.

CHAPMAN, J.—concurring in the conclusion.—The question for adjudication presented on this record is whether or not the evidence established that the appellee's injury occurred in the course of his employment. The testimony has been considered and the briefs filed by counsel have been carefully examined. There is but little if any dispute in the testimony. The law applicable to the controversy is fixed by statute and decisions of this Court construing or interpreting the same. See Sears, Roebuck & Co. v. Pixler, 140 Fla. 677, 192 So. 617; Firestone Auto Supply & Service Stores v. Bullard, 141 Fla. 282, 192 So. 865; Cone Bros. Contracting Co. v. Massey, 145 Fla. 56, 198 So. 802; Dixie Laundry v. Wentzell, 145 Fla. 569, 200 So. 860; Sweat v. Allen, 145 Fla. 733, 200 So. 348; City of St. Petersburg v. Mosedale, 146 Fla.

784, 1 So. (2nd) 878; City of Lakeland v. Burton, 147 Fla. 412, 2 So. (2nd) 731; Cohen v. Sloan, 138 Fla. 752, 190 So. 14; Fidelity & Casualty Co. v. Moore, 143 Fla. 103, 196 So. 495; Southern States Mfg. Co. v. Wright, 146 Fla. 29, 200 So. 375; Sims Tire Service v. Parker, 146 Fla. 23, 200 So. 524.

I agree to the conclusion of the opinion as prepared by Mr. Justice BUFORD but I hesitate in holding that the many decisions therein cited from other courts of other jurisdictions are persuasive or controlling on the issues and facts here involved. I prefer to rely on the previous holdings of this Court which I fail to find cited in the briefs of counsel for the respective parties.

BROWN, C. J., WHITFIELD, BUFORD and THOMAS, J. J., concur.