■ In the Matter of the Claim of EUGENE SUSCHINSKI, Respondent, against ALLEGHENY LUDLUM STEEL CORPORATION, Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by self-insured employer from a decision and award of the Workmen's Compensation Board. Appellant contests the findings of accident and of causal relationship. The board found that while claimant was working with an acetylene torch, sparks entered his eye, causing a very slight burn and abrasions, which gave rise to infection and ulceration eventually necessitating removal of the eye. Claimant testified that sparks flew into his face and some of them got under his safety goggles where they did not fit tightly and into his eye; that he felt something hot hit him and go into his face and eye; that his eye began to hurt and water and that he went immediately to the employer's first-aid room. There his eye was washed after which he returned to his work. An hour or two later when his eye felt worse he returned to the first-aid room and the attendant there made an appointment with an ophthalmologist and sent claimant to him in a company car. He used medication prescribed by the doctor until the second day succeeding and was then hospitalized. The doctor who first examined claimant treated him thereafter and performed the operation. He testified repeatedly that claimant sustained a traumatic injury to the eye and further testified, as did a consultant specialist, to the causal relationship which the board found. Appellant's denial of accident is premised largely on its contention that the initial examination revealed no objective evidence of injury but the attending physician said that claimant sustained some sort of burn and that the contusion to which he testified "was a definite thing." The board was warranted in finding accident upon the testimony of claimant and the two physicians who testified for him, if not, in fact, upon claimant's testimony alone, and was entitled to accept the testimony of the experts who found causal relationship and to reject that which denied it. Decision and award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

■ In the Matter of the Claim of SILAS VAFIADES, Respondent, against WENZEL FLORIST, INC., et al., Appellants, and METROPOLITAN LIFE INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by an employer and its insurance carrier from a decision and award of compensation made by the Workmen's Compensation Board for disability. The employer operated a retail florist establishment in Brooklyn, New York, and employed the claimant as a chauffeur for a panel truck that was used in connection with the business. Claimant worked six days a week for the employer and occasionally was required to work on Sunday. When the latter occurred the employer permitted claimant to take the truck home over Saturday night so that he could drive to work the following Sunday morning at the employer's expense. On Saturday night, June 12, 1954, employer permitted claimant to drive home with the truck after working hours. On previous occasions such as this claimant had been cautioned by employer to put the truck in a garage or in a parking space. After leaving his place of employment claimant stopped at a restaurant and remained there for about 2½ hours, during which time he had his meal and read a newspaper. After leaving the restaurant claimant changed his mind about driving home with the truck and decided to drive the same back to the employer's garage. He explained this decision on the basis that he thought there would be no place to park the same near his home. While driving the truck on the way back to the employer's garage claimant had an accident with the truck and suffered the injuries for which he has been awarded compensation. The appellants contend that the accident did not arise out of and in the course of claimant's employment, and cite as a matter of authority *Matter of Schultz* v. *Champion Welding & Mfg. Co.* (230 N. Y. 309). We think this case is

distinguishable on the facts from the case at bar. The use of the employer's truck in the present instance was clearly of some benefit and convenience to the employer, as well as to claimant, and hence the board can find that claimant was in the course of his employment at the time the accident happened. Award affirmed, with costs to the Workmen's Compensation Board. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.