EN BANC OPINION ON REMAND

MICKLE, Judge.
This case is before us on remand from the Supreme Court of Florida, McGuire v. Publix Super Markets, Inc., 640 So.2d 1079 (Fla.1994), for reconsideration in accordance with the principles set forth in Zundell v. Dade Co. Sch. Bd., 636 So.2d 8 (Fla.1994). In compliance with the mandate of the supreme court, which quashed our decision in Publix Super Markets, Inc. v. McGuire, 629 So.2d 862 (Fla. 1st DCA 1993), and remanded for further proceedings, we hereby set aside our prior opinion and adopt, as our own, the opinion and judgment of the supreme court, and same shall accompany our mandate to the lower tribunal. Having reviewed the instant record in light of the rule of law set forth in Zundell, 636 So.2d at 8, we find competent substantial evidence to support the decision of the judge of compensation claims (JCC) in favor of Arleen J. McGuire (Claimant). Accordingly, we affirm the JCC’s order.
The pertinent facts supporting the claim are as follows. On October 26, 1989, Claimant reported to her part-time job at Publix Super Markets, Inc. (Employer) around 4:00 P.M. and went directly to her cash register. Prior to that date, Claimant had sent a letter of complaint to Employer’s president concerning a raise that other employees (but not Claimant) received. Soon after Claimant’s arrival at work, Employer’s district manager (Mr. Kapocsi), whom Claimant had never met, asked her to attend a meeting in the grocery store’s 10' x 10' front office. The store manager (Mr. Myers) also was at the meeting. Claimant, who feared that she would be fired for writing the letter and going beyond her immediate supervisor, was upset and appeared nervous. She remained *153 standing and began experiencing chest pains about five minutes after the meeting started. Within 20-30 minutes, Claimant returned to her register but was unable to work due to the uninterrupted chest pains. She was admitted on the same day to the hospital, where she received treatment from an internal medicine specialist, Dr. Ñaman.
Claimant remained hospitalized until November 3, 1989, and was diagnosed by Dr. Ñaman as having suffered an injury to her heart muscles secondary to coronary artery spasms. She was off work completely until early January 1990. Claimant filed a claim for payment of medical expenses, benefits, penalties, interest, costs, and an attorney’s fee. Employer/Carrier (E/C) defended on the basis that Claimant had not sustained an accident or incurred a disease arising out of and in the course of employment.
Section 440.02(16), Florida Statutes (1989), defines “injury,” in pertinent part, as “personal injury ... by accident arising out of and in the course of employment.” “Accident” means “only an unexpected or unusual event or result, happening suddenly,” and the statutory definition expressly excludes “[a] mental or nervous injury due to fright or. excitement only.” § 440.02(1), Fla.Stat. (1989).
Given the supreme court’s express citation to Zundell in the instant mandate, and our belief that the factual similarities between the two cases merit consideration, we include the pertinent facts. In Zundell, the claimant, a high-school teacher, suffered a hemorrhage of the brain while engaged in a heated verbal exchange with a disruptive student. Zundell sought workers’ compensation benefits for the incident, but the JCC relied on the standard set forth in Victor Wine & Liquor, Inc. v. Beasley, 141 So.2d 581 (Fla.1962), and denied the petition. In Victor Wine, the supreme court adopted the following rule for “heart cases”: “When disabling heart attacks are involved and where such heart conditions are precipitated by work-connected exertion affecting a pre-existing non-disabling heart disease, said injuries are compensable only if the employee was at the time subject to unusual strain or over-exertion not routine to the type of work he was accustomed to performing.” Id. at 588-89. See also Richard E. Mosca & Co. v. Mosca, 362 So.2d 1340 (Fla.1978) (extending the Victor Wine rule to preexisting conditions contributing to internal failures of the cardiovascular system in general). In the appeal brought by Zundell, sitting en banc we issued a divided opinion rejecting “the theory that a preexisting condition is a necessary element of proof prior to applying Victor Wine and Richard E. Mosca”, and affirming the order. We certified the question of whether an employee is required to prove the existence of a preexisting condition in heart attack cases and “internal failure” cases as a prerequisite to the test for compensability established in Victor Wine and Richard E. Mosca. Zundell v. Dade Co. Sch. Bd., 609 So.2d 1367 (Fla. 1st DCA 1992).
The supreme court rephrased the question in Zundell as whether the Victor Wine rule ever can apply to “cardiovascular injuries occurring on the job when competent substantial medical evidence shows no evidence of a preexisting condition relevant to the injury.” Zundell, 636 So.2d at 9. The supreme court held that “if the injury was of a type that could be exacerbated by a preexisting condition,” a claimant must bear “the initial burden of showing that no relevant preexisting condition existed or at least that none can be medically detected.” Id. at 12. Once a claimant has presented evidence indicating the absence of a preexisting condition, the burden then shifts to the employer to demonstrate the existence of a preexisting condition. Upon a finding that no such condition is present, the JCC then should decide a case without reference to the Victor Wine rule. Id.
In Zundell, the medical evidence revealed no preexisting condition that could explain Zundell’s injury, and no other evidence was offered refuting the medical finding of the absence of a preexisting condition. A neurosurgeon opined that Zundell’s hemorrhage most probably was caused by elevated blood pressure triggered by the unusual and contentious episode with the student. Zundell, 609 So.2d at 1369. Given the particular record evincing no preexisting condition, the supreme court concluded that the rule in *154 Victor Wine was not implicated at all. Under those circumstances, cases involving alleged job-connected cardiovascular injuries generally should be analyzed like any other workplace injury. Zundell, 636 So.2d at 10-11.
We did not have the benefit of the supreme court’s pronouncement in Zundell when we issued our initial opinion in the case sub judice. Our review of the instant record in light of the Zundell rules leads us to conclude that competent substantial evidence in the record supports the JCC’s finding that up to the time of the work incident, Claimant was in good or excellent health. She had a history of high blood pressure controlled by medication, but she had experienced neither heart problems nor chest pains prior to the October 26,1989, encounter with Kapocsi and Myers. Claimant had undergone a physical examination at the onset of her other part-time employment as a guard at a school crossing. Dr. Ñaman testified by deposition that Claimant probably had sustained a coronary artery spasm and that the most likely precipitating event of her physical injury was the tense, emotional episode at work involving her superiors. The heart catheterization and Dr. Naman’s testimony indicated that Claimant did not have the potential for sustaining a heart attack or myocardial infarction based on, or caused by, plaque or arterial blockage alone. In other words, the only explanation offered for Claimant’s heart problems was the coronary artery spasm. Relying on the testimony of Claimant and Dr. Ñaman, we conclude that Claimant met her initial burden under Zundell to demonstrate the absence of any relevant preexisting condition. The E/C submitted no contrary evidence to substantiate the existence of any preexisting condition relevant to the injury or to suggest that the logical cause of Claimant’s physical injury was anything other than work-related.
In the proceedings below, the JCC properly found that the facts in the record distinguish Claimant’s ease from those “heart cases,” involving “work-connected exertion” affecting preexisting conditions, to which the “unusual strain or over-exertion” test pronounced in Victor Wine applies. See Zundell, 636 So.2d at 10-12 (upon a determination that no preexisting condition exists, the JCC should decide the case without reference to the Victor Wine test); Citrus Central Inc. v. Gardner, 466 So.2d 369 (Fla. 1st DCA 1985). Given the competent substantial evidence supporting the JCC’s factual determinations, we decline to revisit the issue of preexisting disease on appeal. Stinson v. Stroh’s Brewing Co., 540 So.2d 893 (Fla. 1st DCA), rev. den., 547 So.2d 1211 (Fla.1989).
The record amply supports the finding that Claimant’s physical injury was caused by an accident arising out of and in the course of employment. Southern Bell Tel. & Tel. Co. v. McCook, 355 So.2d 1166, 1167-68 (Fla.1977); Bituminous Casualty Corp. v. Richardson, 148 Fla. 323, 4 So.2d 378 (1941). Accordingly, we affirm the award of temporary total benefits from October 27, 1989, to January 3, 1990; unpaid medical expenses; reimbursement of medical bills; remedial medical care and attention; costs; and a reasonable attorney’s fee.
AFFIRMED.
ZEHMER, C.J.; and ERVIN, BOOTH, JOANOS, BARFIELD, MINER, ALLEN, WOLF, KAHN, WEBSTER, LAWRENCE, DAVIS, BENTON and VAN NORTWICK, JJ., concur.