MARY C. MARCH, RESPONDENT, v. VULCAN IRON WORKS, APPELLANT.

Submitted October 30, 1925—Decided February 1, 1926.

Petitioner's decedent, the foreman of the boiler shop of respondents, was engaged in ascending a ladder from the deck of a floating dry dock moored in the navigable waters of the Hudson river, belonging to respondents, to the deck of a vessel which had entered said dry dock for repairs. Decedent was in the course of his regular employment, and was in the act of boarding said vessel in order to ascertain what repairs to the boilers were required. While ascending the ladder he fell and sustained fatal injuries. *Held*, that admiralty jurisdiction was exclusive, and that a petition under the Workmen's Compensation act should be dismissed for lack of jurisdiction.

On appeal from the Supreme Court, whose opinion is reported in 3 *N. J. Adv. R.* 1278.

For the appellant, *Mark Townsend, Jr.*

For the respondent, *Melosh, Morten & Melosh.*

The opinion of the court was delivered by

PARKER, J. This is a workmen's compensation case. In the proceeding before the bureau, the referee decided that "petitioner's decedent was engaged under a maritime contract, that the relief of his widow for his death lies under the jurisdiction of the federal courts, and that this bureau has, therefore, no jurisdiction to hear and determine the claim." On appeal to the Hudson Common Pleas, that court reversed the decision of the referee and awarded compensation, and this award was sustained in the Supreme Court, *ubi supra*, on *certiorari*.

It was stipulated at the outset, and that stipulation has remained in force throughout the litigation, that "the only defense interposed in this action by the respondent is that it denies that compensation is due in this case, for the reason that this case is an admiralty case, and the commission herein has no jurisdiction."

The respondent, as its name indicates, is in the business of an iron works, and incidental to that business maintained a floating dry dock in the navigable waters of the Hudson river at the foot of Hudson street, Jersey City. This dock at the time of the accident was moored to respondent's wharf. It had been submerged, a steam lighter named the "Florence" had entered it, and the dock had then been pumped out, raising the floor (on which rested the lighter) above the level of the river. There was a ladder leading from the deck of the dry dock to the deck of the lighter. Deceased was the chief foreman of respondent's boiler shop at the place in question, and his duties were to supervise the construction of boilers in the works of the respondent, and to inspect boilers on vessels that had been brought to the works of the respondent for repair when inspection was necessary. Such is the language of the stipulation of facts.

By the formal claim for compensation it appears that at the time of the accident, deceased was on his way to ascertain what work was to be done on the lighter; that he was climbing the ladder from the deck of the dry dock to the deck of the lighter, and while so doing, fell to the deck of the dry dock. This was between eight and nine A. M.

If there be any possible question as to whether deceased at the time of the accident was at his ordinary work, we have no hesitation in answering that question in the affirmative. The day's tour of duty had begun; the lighter was in dry dock for repairs; it was his duty to see what repairs in his line were needed, and he was in the act of boarding the lighter to ascertain that very thing. The case presented, therefore, is that of a man working on repairs, or expected repairs, to a completed vessel dry docked for that purpose in navigable waters. The question of law is, whether in case of fatal accident to one so working, the personal representative is to have a remedy (if any) solely in the admiralty forum or may resort be had to the state forum.

The Supreme Court seems to have relied on our decision in *Bockhop* v. *Phoenix Transit Co.,* 97 *N. J. L.* 514, as recognizing the propriety of a proceeding under our Workmen's Compensation act, and while noticing such cases in the United States Supreme Court as *Great Lakes Eng. Co.* v. *Kierejewski,* 261 *U. S.* 479; 43 *Sup. Ct.* 418, and *State of Washington* v. *Dawson,* 264 *U. S.* 219; 44 *Sup. Ct.* 302, and similar decisions in other courts, remarked, in effect, that the optional character of the Workmen's Compensation act in this state, under the authority of *Grant Smith & Porter Co.* v. *Rhode,* 257 *U. S.* 469; 42 *Sup. Ct.* 157, "seems to present a basis for differentiation in the application of the maritime rule." The Bockhop case was accordingly held controlling, and on the authority of that case the present workmen's compensation action was sustained in the Supreme Court.

In reviewing this decision, it is to be observed that the Bockhop case was not a workmen's compensation case. It was a suit for damages for alleged negligence, and the precise question to be determined was whether the complaint was properly struck out as on demurrer. The facts were very similar to those in the case at bar. Plaintiff, a painter, was at work on a ferry-boat laid up in a shipyard for repairs, and was injured by another vessel running into it. On the face of the complaint two questions were pre-

sented, and resulted in a dilemma; either the case was one properly cognizable, only in admiralty, or, if cognizable in a state court, and the claim being by a servant against his master for an injury arising out of and in the course of employment, the elective scheme of the Workmen's Compensation act applied. Judgment striking out the complaint was affirmed, the reasoning of the opinion rather tending toward the second horn of the dilemma.

An examination of the later decisions, however, makes it quite plain to us that the present case is one pertaining solely to the admiralty jurisdiction. A distinction is drawn between the case of a workman on a vessel in course of construction and one working on a vessel previously completed and placed in commission. The Grant Smith-Porter case falls into the first class; cases in the second are *Lee* v. *Fletcher Co.*, 4 *Fed. Rep.* (*2d ser.*) 3, reversing the District Court; *Southern Pacific* v. *Jensen*, 244 *U. S.* 205; 37 *Sup. Ct.* 524; *Great Lakes Eng. Co.* v. *Kierejewski*, 261 *U. S.* 479, and *State of Washington* v. *Dawson*, 264 *Id.* 219, the last two cited, as we have seen, in the opinion below. In the Kierejewski case the injured man was a master boiler maker repairing a scow lying in navigable water. He was held entitled to recover in admiralty. In the Dawson case it was directly decided that a stevedore corporation, whose employes work only on board ships in navigable waters, cannot be compelled to contribute, because of that fact, to an accident fund created under state law. These cases we deem dispositive of that at bar.

The optional character of our Compensation act was mentioned below. Our view is that, whether optional or obligatory, the result is the same. This point was exhaustively treated with a full review of authorities by the Supreme Court of Errors of Connecticut in *Leszczymski* v. *Andrew Radel Oyster Co.*, 129 *Atl. Rep.* 539, and we are entirely in accord with the result there reached. This settled, the rule in *Southern Pacific* v. *Jensen, ubi supra,* applies.

To the suggestion that if there be no state jurisdiction of the matter under the Workmen's Compensation act, the

petitioner may be remediless unless she can show negligence, the answer is that, until the compensation acts were put on the statute book, the mere occurrence of an accident to a servant gave no right of action at common law against the master, nor did even the negligent act of a fellow-servant except in certain special cases; but that fact cannot avail to enable a state court, under a workmen's compensation statute or any other statute, to intrude upon a field of exclusive federal jurisdiction.

The judgment of the Supreme Court will be reversed, to the end that the finding of the referee be affirmed and the petition dismissed.

*For affirmance*—None.

*For reversal*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, JJ. 15.