THOMAS A. RAMSEY, RESPONDENT, v. MATTHEW LEAHEY, PROSECUTOR.

Submitted May 4, 1926—Decided July 14, 1926.

Petitioner, captain of a coal barge, was required by the conditions of his employment to supply his own food, and to that end it was necessary that he should leave the barge, where his duty was continuous, and go ashore to buy such food. On the occasion in question he had gone ashore for this purpose and while returning to the barge by the usual route was injured at a railroad crossing. *Held,* that the trial court was justified in finding that the accident arose out of and in the course of the employment.

On *certiorari* to the Hudson County Court of Common Pleas.

Before Justices PARKER, BLACK and CAMPBELL.

For the prosecutor, *Joseph C. Paul.*

For the respondent, *John J. Meehan.*

The opinion of the court was delivered by

PARKER, J.  This is a workmen's compensation case involving the usual question whether the accident arose out of and in the course of the employment.  The petitioner was employed by defendant as captain of a coal barge, which at the time of the accident was tied up in the Washington street basin at Jersey City.  He lived on the barge, and testified that his tour of duty was continuous for the whole twenty-four hours when necessary; that he had to supply himself with food, which he was accustomed, with the knowledge and consent of his employer, to purchase on shore and bring it back to the boat.  On the night of the accident he went ashore for this purpose, bought his food, and on the way back stopped to visit a friend for two or three hours, after which he resumed his journey to the boat by the ordinary and usual route, and on the way was injured by an engine at a railroad crossing.

Three points are stated in the brief for prosecutor, but they all amount to this, that there was no evidence to support a finding that the accident arose out of and in the course of the employment.  We think, however, that there was such evidence; that the accident arose in the course of the employment, because petitioner was doing something necessarily involved in the contract of service; he was obliged to live on his boat and be on hand, generally, all the time.  He must have food; it was not brought to him, so he must needs go and get it.  This was an implied obligation of his contract of service, so that in going out to buy food, buying it, and returning, he was, as the bureau might find, still in the course of his employment.

A finding that the accident arose out of the employment was also legitimate. The case is not like *Hulley* v. *Moosbrugger,* 88 *N. J. L.* 161, in which the servant was injured by a skylarking companion. It is closely similar to *Zabriskie* v. *Erie Railroad Co.,* 86 *Id.* 266, in which the servant, for need of responding to a call of nature, was obliged to cross a street and was injured in so doing. We see no substantial difference between being accustomed, with the employer's knowledge and consent, to leave the place of work to visit a convenience, and being accustomed, with like consent, to go out to buy food. And in that case, as in this, the injury was inflicted by an outside agency.

The English cases look somewhat the other way, but they construe the law strictly, and we have been rather more liberal in this state. *Terlecki* v. *Strauss,* 85 *N. J. L.* 454; 86 *Id.* 708, is on similar lines, though not so close on the facts. The opinion of the Supreme Court in Steers *v.* Dunnewald may seem to the contrary of the views above expressed; but in affirming the judgment (89 *Id.* 601) the Court of Errors and Appeals refused to adopt the opinion, and placed its affirmance on an entirely different ground.

We think the findings of fact as to the connection of the accident with the employment were justified, and the judgment will accordingly be affirmed.

It is proper to add that the question discussed by the Court of Errors and Appeals in the recent case of *March* v. *Vulcan Iron Works, ante, p.* 337, has not been raised in the case at bar, and, therefore, has not been considered by us.