New Jersey Department of Labor,
Workmen's Compensation Bureau.

ROSE NOVAK, PETITIONER, v. UNION PETROLEUM PROD-
UCTS COMPANY, L. B. GARAGE, LOUIS BERKOWITZ,
RESPONDENTS.

Decided May 24, 1938.

For the petitioner, *Dominick R. Rinaldi.*

For Louis Berkowitz, *Avidan & Avidan.*

For Union Petroleum Products Company, *Walter X. Trumbull.*

\*     \*     \*     \*     \*     \*     \*

The claim petition filed herein by Rose Novak seeks compensation under the Workmen's Compensation act of New Jersey for the dependents of Joseph John Novak, deceased, on account of the death of the said Joseph John Novak on August 29th, 1937, alleged to have resulted from an accident arising out of and in the course of his employment with the respondents.

The within claim has been submitted to the bureau upon a stipulation of facts for the purpose of determining the preliminary question as to whether or not the Workmen's Compensation Bureau has jurisdiction over the within claim. My examination of the submitted facts and the law pertaining thereto leads me to the conclusion that the Workmen's Com-

pensation Bureau is deprived of jurisdiction herein for the reason that the claim herein is one of admiralty jurisdiction.

The facts stipulated were that the decedent, Joseph John Novak, was drowned on August 29th, 1937, in the navigable waters of the Hudson river in the State of New York; that immediately prior to this drowning he was last seen upon a yacht owned by respondent, Louis Berkowitz, president of the Union Petroleum Products Company, and moored in the Hudson river, navigable waters. The most favorable inference permitted from the facts stipulated was that the decedent, Joseph John Novak, met with an accident while working on the aforesaid yacht, as a result of which accident he fell into the Hudson river and was drowned. It was further stipulated that the bureau may consider on this determination only, the following facts as though properly proven by the petitioner, without the respondents, however, admitting the truth thereof, namely, that the decedent was regularly employed by the Union Petroleum Products Company prior to the alleged accident, in its garage in Hoboken, New Jersey, and that on previous occasions the decedent had been working on the said yacht, receiving his compensation therefor by checks of the respondent Union Petroleum Products Company.

I find that since the accident and drowning in the within case occurred in navigable waters, the claim is one of admiralty jurisdiction and the Workmen's Compensation Bureau is therefore deprived of jurisdiction.

The test of jurisdiction in injuries of this kind is the locality of the person or thing injured. 1 *C. J.* 1285, § 119; *Martin* v. *West*, 222 *U. S.* 191; 32 *Sup. Ct. Rep.* 42. See, also, *Baldwin* v. *Linde-Griffith Construction Co.* (*Court of Errors and Appeals*), 115 *N. J. L.* 608; 181 *Atl. Rep.* 35. The accident and death occurring in navigable waters, the claim is therefore within admiralty jurisdiction.

It is the settled law that the Workmen's Compensation act of New Jersey can have no jurisdiction over a claim cognizable in admiralty. The United States Supreme Court in the recent case of *The Linseed King*, 285 *U. S.* 502; 52 *Sup. Ct.*

*Rep.* 450, 453, had further occasion to consider this aspect of the law and the court reaffirmed the rule that the Workmen's Compensation act of New Jersey was deprived of jurisdiction of any cause falling within admiralty jurisdiction. Said the United States Supreme Court:

"The Workmen's Compensation law of New Jersey * * *, the purpose of which was to supersede the common law redress in tort cases and statutory rights consequent upon death by wrongful act, and to substitute a commuted compensation for injury or death of an employe, irrespective of fault, is not applicable to the injuries and deaths under consideration.

"The decisions hold that the remedy which the compensation statute attempts to give is of a character wholly unknown to the common law, incapable of enforcement by the ordinary processes of any court, and is not saved to suitors from the grant of exclusive jurisdiction to the courts of the United States of all civil cases of admiralty and maritime jurisdiction." Citing the case of *Southern Pacific Co.* v. *Jensen,* 244 *U. S.* 205; 37 *Sup. Ct.* 524.

The court said further:

"That law (the Workmen's Compensation act of New Jersey) has not been recognized and taken up as part of the admiralty jurisprudence of the United States."

The Supreme Court quoting from the Jensen case (*supra*) said further:

"And finally, this remedy (under the Compensation act) is not consistent with the policy of Congress to encourage investments in ships, manifested in the acts of 1851 * * * which declare a limitation upon the liability of their owners."

This rule of law has been determined by the Court of Errors and Appeals in the case of *March* v. *Vulcan Iron Works,* 102 *N. J. L.* 337; 132 *Atl. Rep.* 89, wherein the court held that a claim for a fatal accident on navigable waters was one exclusively within admiralty jurisdiction and that the Workmen's Compensation act cannot "intrude upon a field of exclusive federal jurisdiction." The March case refers quite fully to the authorities previously cited and in other jurisdictions.

The same principle of law has been previously held by the Workmen's Compensation Bureau in the following cases: *Pollard* v. *Camden Terminal Co.*, 6 *N. J. Mis. R.* 938; *Wenke* v. *Bethlehem Steep Corp.*, 8 *Id.* 765; *Stretkowicz* v. *William Spencer & Son Corp.*, 185 *Atl. Rep.* 371.

In accordance with the foregoing I do therefore find and determine that the Workmen's Compensation Bureau has no jurisdiction over the within claim, the matter being one of admiralty jurisdiction.

It is therefore ordered that the petition herein be and the same is hereby dismissed.

\*       \*       \*       \*       \*       \*       \*

JOHN C. WEGNER,
*Deputy Commissioner.*