ESSEX COUNTY COURT OF COMMON PLEAS.

GUS JOHNSON, PETITIONER-APPELLANT, v. C. F. HARMS COMPANY AND GLOBE INDEMNITY COMPANY, RE-SPONDENTS-APPELLEES.

Decided February 6, 1947.

For the petitioner-appellant, *David Roskein* (*John A. Laird*, on the brief).

For the respondents-appellees, *Kalisch & Kalisch* (*Isidor Kalisch*).

BRENNAN, C. P. J. This is an appeal from a finding and determination of a Deputy Compensation Commissioner, dismissing the petition of petitioner-appellant (hereinafter called petitioner) for compensation, upon the ground that the Workmen's Compensation Bureau has no jurisdiction to hear and determine the matter.

The pertinent facts are that the petitioner was injured on the highway contiguous to Port Newark while out on a journey for the procurement of groceries. It appears from his own testimony that he was a captain of a barge then tied up at Port Newark, and on his return from his journey in search of food he was refused admittance at the proper gate; that when he withdrew from that point to make complaint to the proper officials because of refusal of his admission he was struck on the highway by an automobile.

Learned counsel for the petitioner advances the proposition that he was nothing more or less than a watchman and did not fall into the category of crew member on the particular barge to which he was assigned. The petitioner's testimony directly on the point, however, is otherwise. He describes himself as the captain of the barge, which was of some 7,800 tons. Whether that be the actual weight of the barge or its carrying capacity is not clear. There is further warrant for the assumption petitioner was the captain of the barge on his own testimony in the record to this effect: "*Q.* What did you go to Newark for, to buy in Newark? *A.* To buy groceries, like all the boat captains do." (Testimony, page 9.)

Learned counsel for the petitioner asserts that the case here the subject-matter of consideration is controlled by *Ramsey* v. *Leahey,* 102 *N. J. L.* 513; 134 *Atl. Rep.* 91, and *Baldwin* v. *Linde, Griffith Construction Co.,* 115 *N. J. L.* 608; 181 *Atl. Rep.* 35. While there was a recovery in the case of *Ramsey* v. *Leahey, supra,* it was evident from the expressed opinion of Mr. Justice Parker that the question of jurisdiction had not been raised; and the facts in *Baldwin* v. *Linde, Griffith Construction Co., supra,* are in my judgment not analogical to those in the instant case.

The law, as it would appear to be, is that under the federal constitution the jurisdiction of the federal courts is extended

to "all cases of admiralty and maritime jurisdiction" (*U. S. Constitution, art. 3, § 2, cl. 1, U. S. C. A.*). This provision was made effective by section 9 of the Judiciary Act of 1789 (1 *Stat. at L.* 76, *ch.* 20, as now contained in paragraph 3 of section 256 of the Judicial Code, 28 *U. S. C. A.*, § 371, *subd.* 3), which gives exclusive jurisdiction to courts of the United States of all civil causes of admiralty and maritime jurisdiction, "saving to suitors in all cases the right of a common law remedy where the common law is competent to give it." It is evident that the Workmen's Compensation Act of New Jersey, *N. J. S. A.* 34:15-1, *et seq.*, is not a common law remedy. *Spencer-Kellogg & Sons, Inc.*, v. *Hicks et al.*, 285 *U. S.* 502 (at *p.* 515) ; 52 *S. Ct.* 450.

The real question for resolution is whether or not there is a remedy under the Workmen's Compensation Act of New Jersey on the facts in this case, or whether resort must be had to maritime jurisdiction.

The relatively early case of *Spencer-Kellogg & Sons, Inc.*, v. *Hicks et al., supra,* held that the Workmen's Compensation Act of New Jersey had no applicability to maritime torts.

The incidental questions involved in this situation are whether or not the petitioner was a member of a crew, and that has antecedently been established by his own statement, as I have indicated, and whether he does not come within the exclusive purview of the *Jones Act,* so-called. The relevant section of the *Jones Act,* 46 *U. S. C. A.*, § 688, for the purpose of resolution of the second question follows:

"Any seaman who shall suffer personal injury in the course of his employment may, at his election, maintain an action for damages at law, with a right of trial by jury, and in such action all statutes of the United States modifying or extending the common law right or remedy in cases of personal injury to railway employees shall apply."

The word *vessel* has been defined by the Congress of the United States under Title 1, chapter 1, *U. S. C. A.*, § 3, as follows: "The word 'vessel' includes every description of water craft or other artificial contrivance used or capable of being used as a means of transportation on water." That a barge, even without motive power of its own, is a vessel within

the intendment of that language, and can have a crew, is I think clearly established in *Norton* v. *Warner Co.,* 321 *U. S.* 565; 64 *S. Ct.* 747.

The case of *O'Donnell* v. *Great Lakes Dredge and Dock Co.,* 318 *U. S.* 36; 63 *S. Ct.* 488, clearly indicates that a seaman injured on shore while in the service of his vessel is entitled to recover for his injuries in a suit brought against his employer under the *Jones Act.*

The controlling cases it would appear, therefore, are *Norton* v. *Warner Co., supra,* and *O'Donnell* v. *Great Lakes Dredge and Dock Co., supra.* I think it can be said incontrovertibly that on the facts in the instant case the sole right of recovery derives from the *Jones Act* and that the petitioner has no standing under the law to invoke the jurisdiction of the New Jersey Workmen's Compensation Bureau.

The appeal is dismissed. Submit determination accordingly.