New Jersey Department of Labor,
Workmen's Compensation Bureau.

RUBY JONES, PETITIONER, v. A. C. STEEL PIER CO.
ET AL., RESPONDENT.

Decided March 18, 1947.

For the petitioner, *Alexander K. Blatt.*

For the respondent, *Harry Miller.*

The petition in this case seeks compensation for the wife and daughter of Frank R. Jones, who, it is alleged in the petition, sustained an accident arising out of and in the course of his employment on July 19th, 1945, as the result of which he died two days later.

A stipulation of facts was filed, from which it appears that the Atlantic Steel Pier Company was engaged in operating an amusement enterprise and contracted with the other respondents to furnish a "water circus" act, and that the decedent while operating a motor boat in connection with said "water

circus" act, fell overboard into the Atlantic Ocean, sustaining the injuries from which he died.

The question submitted for determination upon such stipulation on motion to dismiss is whether or not this court has jurisdiction, the respondent contending the State Compensation Act is not applicable and any relief must be sought under federal statutes. The petitioner, of course, contends this court has jurisdiction.

The question of jurisdiction has long been a perplexing one in cases of this nature. I will refer just briefly to several of our more important decisions which I deem pertinent in connection with the determination of the issue now at hand.

In the case of *March* v. *Vulcan Iron Works,* 102 *N. J. L.* 337; 132 *Atl. Rep.* 89, a man fell from a ladder leading from the deck of a ship in dry dock to the floor of the dry dock. The dry dock was in navigable waters and the ship was there for repairs, and the Court of Errors and Appeals determined that this Bureau had no jurisdiction. Later this Bureau, following the decision in the March case, determined that a person falling off a yacht in the Hudson River was not within the scope of the State Compensation Act, *Novack* v. *Union Petroleum Products Co.,* 16 *N. J. Mis. R.* 393; 200 *Atl. Rep.* 738.

In *Davis* v. *Department of Labor of the State of Washington,* 317 *U. S.* 249; 63 *S. Ct.* 225, the facts were briefly these: A drawbridge was being dismantled in the State of Washington over navigable waters. A tug, a derrick and a barge, all licensed by the United States Bureau of Navigation, were used in the dismantling of the drawbridge. The steel beams were lowered by the derrick to the barge which was moored to the bridge, and then the barge was towed up the river to a point where the beams were being stored, and the barge brought back again, and so forth. A workman on the barge, while beams were being lowered, was killed. Compensation was sought under the state statute and after much litigation the matter reached the United States Supreme Court, which held that the state court had jurisdiction.

In the more recent case of *DeGraw* v. *Todd Shipyard,* 134 *N. J. L.* 315; 47 *Atl. Rep.* (2d) 338, decided after the

opinion of the Davis case (*supra*), it was determined that a workman injured in removing pipe lines in a ship in dry dock necessary for the reconversion of that ship from one type of usage to another, was entitled to compensation benefits under the state act and that relief was not exclusive under the federal statute. The principle enunciated is where the employment, although maritime in character, pertains to local matters having only an incidental relation to navigation and commerce, the rights and liabilities of the parties, as between themselves, may be regulated by local rules which do not work material prejudice to the characteristic features of the general maritime law or interfere with its uniformity.

Another case where an alleged conflict of state and federal jurisdiction was considered is that of *Shore Fisheries* v. *Unemployment Compensation Commissioner,* 127 *N. J. L.* 87; 21 *Atl. Rep.* (*2d*) 634. In that case, a pound fisherman, whose duties were to go from the beach by boat to a fish pound approximately two miles off shore and then return, sought the benefits of state legislation. He was hired by the Shore Fisheries, and the question of his eligibility to benefits under the State Employment Act was under consideration. Our court held that whatever duties he performed in navigation were the means to accomplish the primary purpose of catching fish, and all of his duties were performed within the territorial limits of New Jersey—that is, no farther than two miles off shore—and inasmuch as he was not hired by the captain of the boat, and signed no articles of an agreement, the matter was purely a local matter in so far as the State of New Jersey was concerned and that the state legislation was not inconsistent with the federal legislation.

The question to be determined is whether the work of the decedent at the time of the accident bore such relation to navigation or commerce within the meaning and intent of the general maritime laws so as to give exclusive jurisdiction to the federal courts, or whether his labors bore only an incidental relation thereto so that the rights between the parties may be regulated under the state law without material prejudice to the characteristic features of the general maritime law or interfere with its uniformity.

The services of the decedent were rendered in connection with a contract between the respondents for entertainment, and the operation of the boat by him was an integral and necessary part of the water circus being staged at the Steel Pier for the entertainment of all persons who paid the admission price to visit the pier and see the performance. Without some means of transporting the performers over the water or retrieving them from the water, the show could not proceed. The pier was "F" shaped, the audience sitting on one of the prongs, and the participants performing either on the other prong into the water or in the water area between the prongs. From these facts, it quite clearly appears that the primary purpose of the operation of the boat in that restricted area and within a few hundred yards from shore, was the furnishing of entertainment for patrons of the pier. Even though navigational in nature, it does not in my opinion constitute navigation or commerce within the meaning and intent of the general maritime law, but rather a very definite and limited local use merely incidental thereto. Nor am I able to comprehend in what manner the jurisdiction over the compensation petition by this court will work material prejudice to the characteristic features of the general maritime law or interfere with its uniformity. There is nothing to indicate that the decedent operated the boat in any other place or for any other purpose, nor suggestion of any other contemplated operation. Having reached the determination above indicated, I cannot concede that this case is one which falls within the borderline or twilight zone, referred to in the Davis case. But even if such were so, I see no conflict between state and federal statute, as it would not be a case clearly within maritime jurisdiction.

The motion to dismiss for lack of jurisdiction is denied. The case may be relisted for further hearing on the issues not embraced within the stipulation of the facts upon which this motion was submitted.

R. WAYNE KRAFT,
*Deputy Commissioner.*