299 So.2d 3 (1974)
Allen MURPHY, Petitioner,
v.
PENINSULAR LIFE INSURANCE COMPANY et al., Respondents.
No. 45062.
Supreme Court of Florida.
July 24, 1974.
*4 Steve A. Shackelford, Jr., Watkins & Hill, Tallahassee, for petitioner.
Edna L. Caruso, Howell, Kirby, Montgomery, D'Aiuto, Dean & Hallowes, West Palm Beach, for respondents.
McCAIN, Justice.
Claimant, a floating sales manager trainee of an insurance company, was injured when, at the request of a truck driver, he attempted to assist in preventing the truck from rolling down an incline.
The JIC awarded medical bills, attorney's fees, temporary total disability and 10% permanent partial disability to the claimant. In his order, the JIC found that the "positional risk doctrine" was applicable in that the employment brought claimant to the place where he observed the occasion for the rescue attempts.
The IRC reversed, stating that the conditions of employment did not create a "zone of special danger" out of which the injury arose, and that to accept the JIC's logic would in effect amount to making every street over which a workman might ride a zone of special danger.
We have jurisdiction to review this matter pursuant to Article V, Section 3(b)(3), Florida Constitution.
It is the petitioner's contention that the IRC erred in rejecting the positional risk doctrine, citing O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951). Under this decision the injury resulting to the claimant must be a reasonably foreseeable consequence of fulfilling the duties of the employment.
The claimant in this case was injured while accompanying an agent on his rounds in the claimant's private car. On the way to the claimant's home, they encountered a heavy-duty truck standing motionless, facing up an inclined portion of the road. As claimant approached, the truck driver called for help. The truck's brakes were failing, and the driver requested the claimant to place blocks under the tires. Claimant climbed atop the truck to throw down the blocks when the truck's brakes failed. The truck rolled back, striking a utility pole. Claimant jumped from the truck to avoid being struck by the top of the pole which was falling toward him, sustaining injury to his leg.
We have reviewed these facts in the light most favorable to the claimant and find that the injury to the claimant was not a reasonably foreseeable consequence of fulfilling the duties of the employment.
The law to be applied in this case was properly determined by the IRC wherein they cited Tipper v. Great Lakes Chemical Co., 281 So.2d 10 (Fla. 1973). The request for aid by the truck driver and other relevant facts in this case upon further consideration may be deemed sufficient to create an implied contract of employment with the company whose employee was in need of assistance, thus taking the claimant out of the course of his employment with his employer. As to this issue, we make no determination.
We therefore find no error in its determination and accordingly the decision of the IRC is affirmed.
It is so ordered.
ADKINS, C.J., and ROBERTS, DEKLE and OVERTON, JJ., concur.