ERVIN, Judge.
In this workers’ compensation appeal, the employer/carrier (e/c) appeals an order of the deputy commissioner finding that the claimant’s injury arose out of and in the course of his employment and, therefore, was compensable. We affirm.
The claimant, Gonzalez, accompanied by a co-employee, Wilson, was making his scheduled deliveries for his employer, Southern Wine & Spirits, Inc., on February 28, 1980. Gonzalez took a shortcut, en route to his next delivery, which took him past La Bara-ta Restaurant, a customer of Southern Wine & Spirits, Inc. Gonzalez saw the owner of La Barata, Fernandez, who was also his good friend. He thereupon stopped to visit him. While there, Gonzalez accepted Fernandez’s offer to pick tomatoes from a nearby field. Wilson, who was riding in the same vehicle with Gonzalez, reluctantly accompanied Gonzalez and Fernandez to the tomato patch. While there, Fernandez, for unknown reasons, determined to scare Wilson by firing a gun, told Gonzalez of his intended ruse in Spanish, a language which Wilson was unable to understand. Gonzalez tried unsuccessfully to dissuade Fernandez from this dangerous ploy and then attempted to protect Wilson by placing himself between Wilson and Fernandez. Gonzalez was shot in the head, giving rise to this claim for compensation. The deputy, in considering the issue of compensability only, concluded that the claimant had substantially deviated from his employment when he stopped at La Barata for purely personal reasons. When Fernandez began firing the gun, however, an emergency situation was created, and thereafter, to the *1295 extent that Gonzalez attempted to protect Wilson, a co-employee, he was acting in the employer’s interest. Consequently, Gonzalez’ injury arose out of and in the course and scope of his employment.
The deputy applied the rescue doctrine which has been recognized in other jurisdictions, but has not been expressly applied in any prior Florida cases.[1] The rescue doctrine is founded on general principles of the law, relating to emergency situations, which provide: “The scope of an employee’s employment is impliedly extended in an emergency to include the performance of any act designed to save life or property in which the employer has an interest.” 1A Larson’s-Workmen’s Compensation Law § 28.11 (1982) [hereinafter: Larson]. As Professor Larson observes, “The commonest type of rescue case is the rescue of co-employees’ and compensation is clearly payable for injuries so sustained, on the theory that the employer has a duty to aid his own employees in peril and that any employee is impliedly authorized to discharge this duty in an emergency.” Larson, § 28.11 at 5-327, 328.
In a case in which the rescue occurs on the employer’s property or clearly arises out of or in the course of employment, there should be no question as to the compensable nature of any injury to the employee/rescuer. However, where the employee first deviates from his employment, and then rescues a co-employee, and is himself injured during the rescue, the issue of com-pensability is not so clear. While noting that a number of early cases denied com-pensability if the emergency itself did not arise out of the employment, Larson rejects this position for the following reason:
These decisions all miss the point of the emergency doctrine, which is that, given the existence of an emergency, whatever its source, the employee at that instance has the option of undertaking a rescue that is in his employer’s interest or not undertaking it. If he undertakes it, he has embarked upon a service that is impliedly authorized by the employer.
Larson, § 28.12 at 5-330.
Unquestionably Gonzalez deviated from the scope of his employment upon stopping at La Barata and going to the tomato patch with Fernandez; nevertheless we hold that the emergency circumstances under which Gonzalez was injured in protecting a co-employee permit the injury to be compensable in this case. In so holding we agree with appellee that the better rule is that the rescue, once undertaken, purges the deviation from employment in that the injury sustained by the employee who undertakes to rescue a co-employee is one carried out in his employer’s interest, and therefore must be considered one which arises out of and in the course and scope of his employment.
AFFIRMED.
WENTWORTH, J., concurs.
MILLS, J., dissents with opinion.

. The deputy, while noting that it was not directly on point, relied on the case of Evans v. Food Fair Stores, Inc., 313 So.2d 663 (Fla.1975), for the proposition that assistance among co-workers may inure to the morale of the work force and be incidentally beneficial to the employer. In Evans, the claimant was assisting a co-employee to start his car in the employer’s parking lot when he was injured. The testimony indicated that the employees often assisted each other in that manner with the employer’s knowledge and that the claimant had, in fact, performed mechanical repairs to co-employee’s cars in the past. In reversing an IRC order, the court agreed with the judge of industrial claims that the injury was compensa-ble. Although not involving an emergency situation, the court concluded that the customary practice of mutual assistance among the employees was of benefit to the employer and that the injury arose out of and in the course of the employment.