MILLS, Judge.
In this workers’ compensation action, the claimant appeals from the deputy commis *98 sioner’s order finding the accident noncom-pensable. We reverse.
The claimant, Dale Haddock, worked as a carpenter’s helper for Hardwoods of Orlando, Inc., a producer of custom furniture and other wood items. On 20 December 1982, Haddock was using the 15-minute morning break, given all employees, to build a manger as part of a Nativity scene his wife was putting together for Christmas. While using a table saw in the workshop to cut a piece of wood for the manger, Haddock severely cut his thumb and hand.
The employer/carrier denied compensa-bility, contending the injury did not arise out of and in the course of employment. The deputy commissioner agreed.
It was company policy to allow employees to use equipment in the workshop for their own purposes after hours, during lunch breaks and during other breaks, including the morning break. Haddock was paid for the morning break and employees were free to do whatever they wanted during that time.
Sometimes, photographs of items created by employees during breaks and after work were included in an album available for perusal by the employer’s customers. If a customer wanted to purchase an item pictured in the album, the employer would custom-build one and sell it to the customer. If, however, the cost of custom production by the employer was prohibitive, the employer would encourage the customer and the employee who created the item pictured to agree on a price for the item which the employee would then build on his own time and sell to the customer. The employer received a ten percent commission from such an arrangement. Although the album also served as an employee morale booster, it was clearly used to increase the employer’s business.
If an injury occurs “within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in something incidental to it,” the injury arises out of and in the course of employment. Hill v. Gregg, Gibson & Gregg, Inc., 260 So.2d 193, 195 (Fla.1972)(quoting Fidelity & Casualty Co. of New York v. Moore, 143 Fla. 103, 196 So. 495, 496 (1940)).
Haddock was injured within the period of his employment because the injury occurred on an authorized paid break during normal working hours. His injury occurred at a place where he could reasonably be because all employees, including Haddock, were authorized to use the equipment in the workshop during breaks. Although building a manger for his wife was not a duty of Haddock’s employment, it was certainly incidental to it in the sense it benefited the employer.
By allowing breaks and by allowing employees to use the workshop during breaks, the employer received the indirect benefit of increased employee morale. More importantly, profits and commissions from sales stimulated by photographs in the album were attributable to items created by employees during breaks. In this respect, workshop work during breaks was directly beneficial to the employer and, therefore, incidental to the employment.
REVERSED.
SHIVERS and WIGGINTON, JJ., concur.