470 So.2d 852 (1985)
Walter COOPER, Deceased, Nadine Cooper, Appellant,
v.
J.A. STEPHENS and Florida Farm Bureau of Casualty Insurance Co., Appellees.
No. BA-129.
District Court of Appeal of Florida, First District.
June 13, 1985.
*853 C. Kenneth Stuart, Jr., and H. Guy Smith, Lakeland, for appellant.
Manuela C. Napier and David J. Williams of Lane, Trohn, Clarke, Bertrand & Williams, Lakeland, for appellees.
JOANOS, Judge.
This is an appeal from a workers' compensation order in which the deputy commissioner denied a claim for survivor's benefits. The sole issue on appeal is whether the deputy commissioner applied the appropriate evidentiary standard in determining that the employee was not acting within the course of his employment at the time of the fatal accident. We reverse.
The accident giving rise to this appeal occurred on January 8, 1983, at 3:25 a.m. on U.S. Highway 27 South, when a pick-up truck driven by the employee collided with a tractor-trailer rig. The employee had been working as a night watchman, with duty hours from 10:00 or 11:00 p.m. until 5:00 or 6:00 a.m. He had been instructed to patrol the employer's premises, which front on U.S. Highway 27 South, in a nonroutine fashion. The employee's surveilance was performed at his own discretion, the employer having made no provision for check points where the employee was required to log in during the course of his shift. The accident occurred as the employee was exiting from the driveway of the employer's premises, while the employee was still on the clock.
Two theories have been put forward concerning the employee's destination at the time of the accident. One theory has it that the employee was traveling toward a shell road which is a different entrance into the employer's property. The other theory is that the employee was going to a restaurant known as the Truck Stop, located on the opposite side of U.S. Highway 27 from the employer's premises.
The record reflects that the employee routinely went to the Truck Stop on the nights he was on duty. The night manager of the restaurant stated that the employee usually arrived at the restaurant between 12:00 midnight and 1:00 a.m. for coffee and a sandwich and he sometimes returned at 3:00 or 4:00 a.m. for a cup of coffee. The employee's wife stated that she was with her husband on an occasion when he had a general conversation with his employer, and during this conversation the employer advised her husband that he was free to go to the Truck Stop for coffee. When the employer was questioned about the discussion, he stated that he did not recall such a conversation. Although both the employer and the supervisor stated that they expected the employee to remain on the premises at all times, they also acknowledged that the employee had not been instructed not to leave the business premises.
The employer's position is that since the employee's fatal accident occurred off the employer's premises, the employee was not within the course and scope of his employment at the time of the accident. The deputy commissioner agreed, concluding *854 that being off the employer's premises was not consistent with the performance of the employee's duties. The deputy found, therefore, that the accident occurred "while the employee was on an unauthorized personal errand which was a substantial deviation from the duties of his employment," and denied the claim for benefits.
Appellant urges that the employer has not presented sufficient evidence to overcome the general presumption of the Florida workers' compensation law that the accident occurred within the course of the employee's employment. This presumption provides, in relevant part that 
Except as otherwise provided in this chapter, in any proceeding for the enforcement of a claim for compensation under this Chapter, it shall be presumed, in the absence of substantial evidence to the contrary:

(1) That the claim comes within the provisions of this chapter. (e.s.)
.....
§ 440.26(1), Fla. Stat. (1981).
The presumption of Section 440.26 is "one facet of a general policy in the workmen's compensation area that, in marginal cases, a result favoring the claimant is preferred." Hacker v. St. Petersburg Kennel Club, 396 So.2d 161, 162 (Fla. 1981). See also: Sanford v. A.P. Clark Motors, 45 So.2d 185, 188 (Fla. 1950).
A presumption "compels the trier of fact to find the presumed fact if it finds certain basic facts to be present." Ehrhardt, Florida Evidence § 301.1 (2d Ed. 1984). Thus, a presumption is stronger than an inference, and by statutory mandate, once an employee has established that he has (1) suffered an accident, (2) which occurred in the course of his employment, and (3) arose out of his employment  the burden shifts to the employer "to present substantial evidence" that the employee's injury arose other than in the course of his employment. § 440.26(1), Fla. Stat. (1981); Hacker v. St. Peterburg Kennel Club, at 162.
This court has defined an injury arising out of and in the course of employment as "an injury [which] occurs `within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in something incidental to it.'" (citations omitted). Haddock v. Hardwoods of Orlando, Inc., 452 So.2d 97, 98 (Fla. 1st DCA 1984). In Haddock, the employee was injured on the employer's premises during normal working hours, while he was on a paid break. The court found that although the employee's activity at the time of the injury was not a duty of his employment, it was incidental to it for the employer benefited from the improved employee morale attendant upon providing breaks for employees. Similarly, in B & B Cash Grocery Stores v. Wortman, 431 So.2d 171, 173 (Fla. 1st DCA 1983), citing to Fidelity & Casualty Co. of New York v. Moore, 143 Fla. 103, 196 So. 495, 496 (1940), the court said "the injury must occur within the period of the employment, at a place where the employee may reasonably be, and while he is reasonably fulfilling the duties of his employment or engaged in doing something incidental to it." And in Baker v. Orange County Board of County Commissioners, 399 So.2d 400, 401 (Fla. 1st DCA 1981), the court said: "to be compensable the injury must have originated in some work connected with the employment, or have occurred as a natural consequence of the employment, i.e., there must be a contributing employment cause."
Application of the foregoing standard to the facts of this case demonstrates that (1) the fatal accident occurred within the period of the employment, (2) at a place where the employee would reasonably be, (3) while the employee was engaged in something incidental to the employment. The accident occurred at 3:25 a.m., while the employee was still on the time clock, at a place located just a few feet from the margin of the employer's property, under conditions which indicate the employee intended either a coffee break, or re-entry *855 onto the business property by way of a back road.
The employer has relied on Fidelity & Casualty Co. of New York, v. Moore, supra, and Sunshine Jr. Food Stores, Inc. v. Thompson, 409 So.2d 190 (Fla. 1st DCA 1982), to support his contention that the employee had substantially deviated from his employment at the time of the accident. Both cases are distinguishable from the facts of the case before us. In Fidelity & Casualty Co. v. Moore, the employee had left the business premises to drive his wife home. On his way back to the business his car struck a tree, resulting in fatal injuries to the employee. The court found that at the time of his death, the employee was on a personal mission totally unconnected with his employment.
In Sunshine Jr. Food Stores, Inc. v. Thompson, supra, the employee, a district manager of ten Junior Food Stores, drove around for two or three hours, accompanied by his two minor children, killing time until the midnight closing inspection of one of the stores. The employee's evening drive encompassed approximately 40 miles. On his return to the main highway, the employee was injured when he missed a turn and skidded into a roadway sign. This court found the "deviation was so flagrant" that it could not be viewed as occurring within the course and scope of his employment.
In the instant case, the accident occurred just feet from the employer's premises, so a substantial or "flagrant" deviation as contemplated by the court in Sunshine Jr. Food Stores does not pertain here. By the same token, if the employee was in fact going for coffee, a coffee break should be considered incidental to business generally, and particularly so when the employee is a night watchman. See: Haddock v. Hardwoods of Orlando, Inc.; B & B Cash Grocery Stores v. Wortman, at 173, "The fact that claimant was attending to his personal comfort at the time of the injury does not defeat compensability." (citations omitted).
To overcome the presumption of Section 440.26(1), Florida Statutes (1981), it was incumbent upon the employer to demonstrate by "substantial evidence" that the employee was not within the course of his employment at the time the accident occurred. The Florida Supreme Court has held that when an employer denies the accident occurred in the course of employment  "[h]e must establish his denial by direct and positive evidence, negative evidence will not suffice." Sanford v. A.P. Clark Motors, 45 So.2d 185, 187 (Fla. 1950). (emphasis supplied)
The employer's evidence in this case consists of (1) the fact that the accident occurred off the business premises, (2) testimony by the employer and supervisor that they expected the employee to remain on the premises at all times, although they both acknowledged the employee had not been so instructed, and (3) the employer testified that he did not recall giving the employee permission to go to the Truck Stop for coffee. In our view, this does not constitute the "substantial evidence to the contrary" contemplated by Section 440.26, Florida Statutes.
Therefore, that portion of the deputy commissioner's order which denied workers' compensation benefits is reversed and the cause is remanded for further proceedings consistent with this opinion.
ZEHMER, J., concurs.
THOMPSON, J., dissents.