BARFIELD, Judge.
We affirm the deputy commissioner’s order denying the claim for workers’ compensation benefits because substantial competent evidence in the record supports his finding that the accident in which the claimant was injured occurred during a deviation from his employment.
In this case the claimant, a laborer constructing concrete forms for a condominium project, was directed by his employer to work on a boat owned by the general contractor on the construction job. The boat was dry-docked at a boatyard, and claimant had been doing general cleanup and painting work on it for approximately three weeks when one day he noticed several boatyard workers attempting to move a pilot house using two carts. On his own initiative, claimant left the boat on which he was working and went to help move the pilot house, because in his opinion they were going about it the wrong way. During the moving process claimant’s leg was injured.
In his order, the deputy commissioner found that none of the boatyard people who were moving the pilot house had asked the claimant to help them, that he volunteered his services, and that there was no evidence that the pilot house needed to be moved in order for him to continue to work on the boat. The deputy commissioner stated that he could not find that helping the boatyard people was a reasonably foreseeable consequence of fulfilling the duty of working on the boat, so that it was not appropriate to apply the “positional risk doctrine”, that there was no evidence that helping to move the pilot house in any way furthered the cause of either the claimant’s employer or the boat owner, and that no evidence was presented that it was customary for workers in the boatyard to help each other out on projects. These findings are supported by substantial competent evidence in the record.
AFFIRMED.
MILLS and WENTWORTH, JJ., concur.