554 So.2d 654 (1989)
ROCKHAULERS, INC. and Executive Risk Consultants, Inc., Appellants,
v.
Willie Lee DAVIS, Deceased, and Janet Davis, Widow, Appellee.
No. 89-1413.
District Court of Appeal of Florida, First District.
December 29, 1989.
*655 Richard M. Stoudemire, of Howell, Liles & Milton, P.A., Jacksonville, for appellants.
Hugh M. Davenport, of Davenport & White, Jacksonville Beach, for appellee.
JOANOS, Judge.
Rockhaulers, Inc. and Executive Risk Consultants, Inc. (employer/carrier) appeal a workers' compensation order finding compensability. The issues presented are: (1) whether the order and the record contain sufficient ultimate facts to support a finding that the subject accident arose out of the claimant's employment; and (2) whether the employer/carrier should receive a set-off for moneys received by claimant's dependents from a third-party tortfeasor. We affirm but amend the order.
The deceased claimant owned and operated a truck under contract to Rockhaulers, Inc. Under the terms of his contract, claimant was paid a percentage of Rockhaulers' billing for hauling loads of limestone. As a lease operator, claimant called Rockhaulers' dispatch office and received instructions concerning the time and place of the load pick-up, and the load destination. The route traveled by claimant to the load pick-up point and to the drop-off points was not controlled by Rockhaulers. The subject accident occurred at 6:00 a.m. on September 19, 1988, as claimant was traveling on Highway 235 from Alachua County to Jacksonville. Claimant was the first person to arrive at the scene of a head-on collision between a truck and an automobile. He left his truck on the edge of the northbound lane with the emergency lights flashing. Claimant first determined that the driver of the truck was uninjured, and then, as he walked to aid the persons in the automobile, he was struck and killed by another motor vehicle.
The judge of compensation claims found that the deceased employee died from an injury arising out of and in the course of his employment, in that his death occurred within the time period of his employment, at a place where his employer expected him to be, while performing actions incidental to his employment as a truck driver. The employer/carrier contest the compensability determination, contending that claimant's activities were not beneficial to the employer, the employee's injury was not a reasonably foreseeable consequence of fulfilling the duties of his employment, and that the acts of a good samaritan are not compensable in Florida.
We note at the outset that we agree with the judge's determination regarding compensability of the accident. Under section 440.09(1), Florida Statutes (1987), workers' compensation coverage is provided for injuries "arising out of and in the course of employment." The phrase "arising out of" refers to the origin of the cause of the accident, while the phrase "in the course of employment" refers to the time, place, and circumstances under which the accident occurs. Bituminous Casualty Corp. v. Richardson, 148 Fla. 323, 4 So.2d 378, 379 (1941). Therefore, "[t]o be compensable, an injury must arise out of employment in the sense of causation and be in the course of employment in the sense of continuity of time, space, and circumstances." Strother v. Morrison Cafeteria, 383 So.2d 623 (Fla. 1980); Leonard v. Dennis, 465 So.2d 538, 540 (Fla. 2d DCA), review denied, 476 So.2d 673 (Fla. 1985). See also Brown v. Winter Haven Citrus Growers Association, 175 So.2d 193, 194 (Fla. 1965). Stated another way, for an injury to arise out of employment, (1) it must occur within the period of employment, (2) at a place where the employee may reasonably be, and (3) while he is reasonably fulfilling the duties of employment or engaging in something incidental to it. Fidelity & Casualty Co. of New York v. Moore, 143 Fla. 103, 196 So. 495, 496 (1940); Gray v. Eastern Airlines, Inc., 475 So.2d 1288, 1289 (Fla. 1st DCA 1985), review denied, 484 So.2d 8 (Fla. 1986); Cooper v. Stephens, 470 So.2d 852, 854 (Fla. *656 1st DCA), review denied, 480 So.2d 1296 (Fla. 1985); Haddock v. Hardwoods of Orlando, Inc., 452 So.2d 97, 98 (Fla. 1st DCA 1984).
The general rule with respect to traveling employees is that an employee whose work takes him away from the employer's premises is within the course of employment at all times during the trip, except for any "distinct departure for a nonessential personal errand." Gray v. Eastern Airlines, 475 So.2d at 1290; Leonard v. Dennis, 465 So.2d at 540; N & L Auto Parts v. Doman, 11 So.2d 270, 271 (Fla. 1st DCA 1959), cert. discharged, 117 So.2d 410 (Fla. 1960). In Leonard v. Dennis, the court noted that "[t]he `neutral' risk of an automobile accident is always causally related to employment if it involves an employee whose duties increase his exposure to such a hazard." 465 So.2d at 541.
Somewhat analogous to the traveling employee theory are the theories of compensability pertaining to emergency situations. Professor Larson states that "[i]njury incurred in the rescue of a stranger is compensable if the conditions of employment place claimant in a position which requires him by ordinary standards of humanity to undertake the rescue." 1A Larson, Workmen's Compensation Law § 28.00 (1978). However, Professor Larson emphasizes that there must be a true emergency, as distinguished from a mere benefit to an employer through the act of providing assistance to one in trouble. 1A Larson, at § 28.13. This "true emergency" requirement lies at the heart of the positional risk doctrine. Under this theory, an employee's injury is compensable if it was incurred in the rescue of a complete stranger, provided the employment brought the employee to the place where he observed the situation calling for a rescue attempt. See O'Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951); Murphy v. Peninsular Life Insurance Co., 299 So.2d 3, 4 (Fla. 1974); 1A Larson, § 28.23.
In Murphy, the court found the positional risk doctrine inapplicable. The claimant in Murphy was a sales manager trainer of an insurance company, who was injured while accompanying an agent on his rounds in claimant's private car. On the way to the claimant's home, they encountered a truck facing an inclined portion of the road. The truck driver, whose brakes were failing, called for help. He asked claimant to place some blocks under the tires. The claimant climbed atop the truck to throw down the blocks to be placed under the wheels of the truck. The truck's brakes failed, and the truck rolled back striking a utility pole. The claimant injured his leg when he jumped from the truck to avoid being struck by the falling pole. The court found the claimant's injury was not a reasonably foreseeable consequence of fulfilling the duties of his employment.
The differences between the circumstances of this case and the situation in Murphy are important. Claimant in this case was the first to arrive on the scene of a "true emergency." In addition, the nature of claimant's employment brought him to the place where a rescue attempt was required by "ordinary standards of humanity." Further the type of action taken by claimant was reasonable and expected behavior. Thus, the positional risk doctrine appears applicable to the facts of this case. In Murphy on the other hand, the kind of action taken by the claimant could not have been expected.
In addition, the facts of the case before us appear to fit equally well under the traveling employee theory. Not only did claimant's employment take him away from the employer's premises, but his duties as an over the road truck driver increased his exposure to the risk of traffic related injury. Since the record reflects that claimant's conduct in attempting to aid accident victims was reasonably foreseeable, as well as incidental to his employment as a truck driver, we find no error in the judge's finding of compensability.
The second issue concerns the right of a compensation carrier to set off the recovery obtained by an injured employee from a third party tortfeasor against compensation benefits due the injured employee. See § 440.39(1), Fla. Stat. (1987). The section *657 440.39 provisions limit the amount of the compensation carrier's set-off to its pro rata share of the compensation and medical benefits paid or to be paid, less its pro-rata share of all court costs and reasonable attorney fees expended by the claimant in prosecution of the claim against the third party tortfeasor. See Nikula v. Michigan Mutual Insurance Co., 531 So.2d 330 (Fla. 1988); Williams Heating & Air Conditioning Co. v. Williams, 551 So.2d 559 (Fla. 5th DCA 1989); Employer's Casualty Insurance Co. v. Manfredo, 542 So.2d 1365 (Fla. 3d DCA 1989).
The record in this case reflects that the deceased employee's wife obtained a net recovery of $10,000 from the driver of the truck that hit claimant as he was attempting to aid the other accident victims. However, there is nothing in the record to indicate the date of settlement with the third party tortfeasor, and whether such settlement occurred before or after the claim for workers' compensation death benefits was filed. In addition, there is nothing in the record to indicate that the employer or insurance carrier gave written notice of its rights of subrogation to the third party tortfeasor. See § 440.39(3)(b), Fla. Stat. (1987).
Both parties agree that the carrier is entitled to a set-off by virtue of the settlement obtained from the third party tortfeasor. The only disagreement is whether the set-off should be in the net recovery amount of $10,000. The carrier's claim to this amount is based on the stipulation of claimant's counsel that Mrs. Davis obtained a net recovery of $10,000. We conclude that a stipulation as to the net amount of a recovery is not tantamount to a stipulation that the carrier is entitled to set off that entire net amount against its obligation for payment of death benefits.
In summary, we affirm the judge's finding that the accident occurred while claimant was performing actions incidental to his employment, and affirm the amended order in this regard. However, we find the compensation order should be and is hereby amended to reflect that the carrier is entitled to a set off, to be determined by the trial court in accordance with the provisions of section 440.39(3)(a).
Accordingly, we affirm the order as amended.
WENTWORTH and THOMPSON, JJ., concur.