ERVIN, Judge.
In these consolidated workers’ compensation appeals, appellants/claimants argue that the judge of compensation claims erred in holding that claimants were not entitled to compensation benefits on the ground that at the time of their injuries they were both engaged in an activity that constituted a substantial deviation from the course and scope of their employment. We agree with appellants’ position and reverse and remand.
On the evening of June 19, 1988, claimants, who were employed as fruit pickers, went to a grove to retrieve an empty fruit tub that had been left behind the previous day. The men were unable to locate the tub and consequently returned to the highway. Claimants were injured when they were struck by an automobile while they were assisting two motorists in pushing a disabled vehicle from the highway.
We consider the case at bar to be controlled by the rule stated in Rockhaulers, Inc. v. Davis, 554 So.2d 654 (Fla. 1st DCA 1989), which approved an award of compensation to an employee injured during an emergency situation under the theory that an “ ‘[ijnjury incurred in the rescue of a stranger is compensable if the conditions of employment place claimant in a position which requires him by ordinary standards of humanity to undertake the rescue.’ ” Id. at 656 (quoting with approval 1A Larson, The Law of Workmen’s Compensation, § 28.00 (1978)). The facts there disclosed that the employee, while aiding injured occupants of two vehicles who had been involved in an automobile accident, was himself struck and killed by another motor vehicle. Following Larson, we
emphasize[d] that there must be a true emergency, as distinguished from a mere benefit to an employer through the act of providing assistance to one in trouble. 1A Larson, at § 28.13. This “true emergency” requirement lies at the heart of the positional risk doctrine. Under this theory, an employee’s injury is compen-sable if it was incurred in the rescue of a complete stranger, provided the employment brought the employee to the place where he observed the situation calling for a rescue attempt. See O’Leary v. Brown Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951); Murphy v. Peninsular Life Insurance Co., 299 So.2d 3, 4 (Fla.1974); 1A Larson, § 28.23.
Rockhaulers, 554 So.2d at 656.
We adopt in full the rationale and analysis of this court’s opinion in Rockhaulers. As in Rockhaulers, the claimants at bar were the first to arrive on the scene of a true emergency, and assisted in removing from the highway a disabled vehicle which posed a hazard to other travelers. Additionally, the very nature of claimants’ employment brought them to a place where a rescue attempt was required, in Professor Larson’s words, by “ordinary standards of humanity.” And finally, the claimants’ actions in assisting the two stranded motorists were altogether reasonable and expected behavior under the circumstances.[1]
REVERSED and REMANDED for further proceedings.
WENTWORTH and WIGGINTON, JJ., concur.

. In reaching our decision, we have considered Murphy v. Peninsular Life Ins. Co., 299 So.2d 3 (Fla.1974), and find it factually dissimilar.