EHRLICH, Judge.
We have for review Martinez v. D.L. Cullifer & Son, Inc., 556 So.2d 796 (Fla. 1st DCA 1990), because of conflict with this Court’s decision in Murphy v. Peninsular Life Insurance Co., 299 So.2d 3 (Fla.1974). Art. V, § 3(b)(3), Fla. Const. We approve the decision below.
The respondents, Pablo Martinez and Mario Navarro, who were employed by the petitioner, D.L. Cullifer & Son, Inc., as fruit pickers, went to a grove one evening to retrieve an empty fruit tub that had been left behind the previous day. Unable *1361 to locate the tub, the men returned to the highway where they had parked. As they walked along the highway to the truck, they were asked by two “Americans” to help push a disabled vehicle from the highway. The respondents were injured when they were struck by an automobile while assisting in pushing the vehicle.
The judge of compensation claims (JCC) ruled that they were not entitled to workers’ compensation benefits on the ground that at the time of their injuries they were engaged in an activity that constituted a substantial deviation from the course and scope of their employment. Relying on this Court’s decision in Murphy, the JCC concluded that the injuries suffered while assisting a motorist pushing a disabled vehicle were “in no way a reasonably foreseeable consequence of [their] fulfilling the duties of [their] employment.” Under the circumstances, the JCC felt “compelled to find the employee[s] had deviated from the course and scope of [their] employment when [they] were injured.”
On appeal, the court below reversed, finding the case controlled by its decision in Rockhaulers, Inc. v. Davis, 554 So.2d 654 (Fla. 1st DCA 1989). In that case, the First District Court of Appeal approved an award of compensation to a claimant who, while aiding injured occupants of vehicles which had been involved in an accident, was himself struck and killed by another vehicle. In doing so, the Rockhaulers court employed what has been referred to as the “positional risk doctrine.” Under this doctrine an “ ‘[i]njury incurred in the rescue of a stranger is compensable if the conditions of employment place claimant in a position which requires him by ordinary standards of humanity to undertake the rescue.’ ” Rockhaulers, 554 So.2d at 656 (quoting 1A A. Larson, Workmen’s Compensation Law § 28.00 (1978)).[1] The court below reasoned that under this doctrine, the claimants were entitled to benefits because the very nature of their employment brought them to the scene of a “true emergency,” requiring a rescue attempt under “ordinary standards of humanity.” 556 So.2d at 797. The court further reasoned that “the claimants’ actions in assisting the two stranded motorists were altogether reasonable and expected behavior under the circumstances.” Id.
Under section 440.09(1), Florida Statutes (1987), workers’ compensation coverage is provided for injuries “arising out of and in the course of employment.” “[T]o be com-pensable, an injury must arise out of employment in the sense of causation and be in the course of employment in the sense of continuity of time, space, and circumstances.” Strother v. Morrison Cafeteria, 383 So.2d 623, 628 (Fla.1980). The question presented in this case, therefore, is whether the claimants’ actions were a deviation from their employment precluding compensation. We agree with the district court that they were not. However, unlike the district court, we find this conclusion to be in conflict with this Court’s decision in Murphy, in which injuries sustained under similar circumstances were found noncom-pensable.[2]
In Murphy, this Court approved the Industrial Relations Commission’s (IRC) determination that a floating sales manager trainee of an insurance company was not entitled to compensation for injuries received while attempting to assist a truck driver in preventing his truck from rolling down an incline. The injury occurred while Murphy was accompanying an agent on his rounds. On the way to Murphy’s home, the driver of a truck which was stranded on an incline in the road called for help. The truck’s brakes were failing and the driver requested that the claimant help him place blocks under the tires. Murphy climbed on top of the truck to get the *1362 blocks. When the brakes failed, the truck rolled into a utility pole. Murphy jumped from the truck to avoid being struck by the falling pole, injuring himself. The Judge of Industrial Claims found that Murphy was entitled to workers’ compensation benefits under the positional risk doctrine because his employment brought him to the place where he observed the occasion for the rescue attempt. 299 So.2d at 4. The IRC reversed, finding the injury noncom-pensable because the conditions of employment did not create a “zone of special danger” out of which the injury arose. This Court approved the IRC’s determination, reasoning that the injury “was not a reasonably foreseeable consequence of fulfilling the duties of the employment.” 299 So.2d at 4.
In reaching that conclusion, this Court looked to the United States Supreme Court’s decision in O’Leary v. Brown-Pacific-Maxon, Inc., 340 U.S. 504, 71 S.Ct. 470, 95 L.Ed. 483 (1951). The O’Leary Court approved a compensation award, under the Longshoremen’s and Harbor Workers’ Compensation Act, for a death which occurred during the attempted rescue of a stranger, when the connection with the employment was furnished solely by the fact that the deceased’s employment brought him to the place where he observed the occasion for the rescue attempt. In that case, the decedent was an employee of a government contractor operating on the island of Guam. The employer maintained a recreation center for its employees, along which ran a channel so dangerous that swimming was prohibited. While waiting for the employer’s bus to take him from the center, where he had spent the day, the decedent saw or heard two men standing on the reefs beyond the channel, signaling for help. The decedent was drowned while attempting to rescue the two men. The Court gave the following reasoning for its holding that the death was compensable:
Workmen’s compensation is not confined by common-law conceptions of scope of employment. The test of recovery is not a causal relation between the nature of employment of the injured person and the accident. Nor is it necessary that the employee be engaged at the time of the injury in activity of benefit to his employer. All that is required is that the “obligations or conditions” of employment create the “zone of special danger” out of which the injury arose. A reasonable rescue attempt, like pursuit in aid of an officer making an arrest, may be “one of the risks of the employment, an incident of the service, foreseeable, if not foreseen, and so covered by the statute.”
340 U.S. at 506-07, 71 S.Ct. at 471-72 (emphasis added; citations omitted).
It would appear that the Murphy court and the JCC in this case found the respective injuries noncompensable based on the misconception that for an injury to be compensable under the positional risk doctrine, the injury must be a reasonably foreseeable consequence of the employment. Under the positional risk doctrine, the injury need not flow directly from the nature of the employment, as the statement in Murphy would seem to indicate. All that is required is that the employment place the claimant in a position which requires him by ordinary standards of humanity to respond to an emergency. See 1A A. Larson, Workmen’s Compensation Law § 28.23 (1990). We see no valid distinction between the situation with which the claimant in Murphy was confronted and that with which the claimants in this case were confronted and find the accidents in Murphy and in this case to be precisely the type of accidents which fall within the positional risk doctrine. In both cases the claimants’ employment brought them to the place where they were confronted with a hazardous situation calling for immediate attention to prevent possible injury to approaching motorists.
We cannot agree with the petitioners that, in this case, the claimants’ deviation from their employment precludes recovery because they were not responding to a “true emergency.” Cf. Turcotte v. Fowler & Torrance Concrete & Masonry, *1363 507 So.2d 784 (Fla. 1st DCA 1987) (denial of compensation benefits on ground that injury occurred during deviation from employment upheld where claimant, while working at boat-yard at direction of employer, was injured while volunteering his services to help third parties with task which was not necessary for the claimant to continue his assigned task). While- in the course of their employment, the claimants happened upon a disabled vehicle which posed a clear hazard to oncoming motorists, thus requiring their immediate attention. The imminence of the hazard with which they were confronted is apparent from the accident which resulted in their injuries. When an employee, during the course of his employment, perceives an imminent danger to the public, such as an obstruction in the roadway, an endeavor to alleviate the danger should be considered incidental to his employment, just as a response to other “emergencies” would be considered incidental. See In re D’Angeli’s Case, 369 Mass. 812, 343 N.E.2d 368 (1976) (claimant who was struck by an oncoming car while attempting to remove coil of rope obstructing highway was injured in the course of his employment). Recognizing as compen-sable injuries incurred under such circumstances supports the sound public policy of encouraging employees to undertake humanitarian acts designed to prevent imminent harm to the public. Such policy was recently furthered by the enactment of chapter 90-201, section 14, Laws of Florida (to be codified at section 440.092(3), Florida Statutes (Supp.1990)), which provides that an employee has not deviated from the course of his employment if such deviation is “in response to an emergency and designed to save life or property.”
Accordingly, we approve the decision below and recede from Murphy to the extent that it conflicts with this decision.
It is so ordered.
SHAW, C.J., and OVERTON, MCDONALD, BARKETT, GRIMES and KOGAN, JJ., concur.

. Currently found in 1A A. Larson, Workmen’s Compensation Law § 28.00 (1990).

. Without further explanation, the district court found the Murphy decision "factually dissimilar." Martinez v. D.L. Cullifer & Son, Inc., 556 So.2d 796, 797 n. 1 (Fla. 1st DCA 1990).