THOMAS, J.
In this workers’ compensation appeal, Claimant appeals the Judge of Compensation Claims’ (JCC) order finding Claimant’s injury not compensable. We reverse.
While working as a used car salesman, Claimant saw a vehicle pull in front of the dealership where he was working and watched as a female exited the vehicle, walked onto his employer’s premises, and took “some property.” Claimant testified that he initially was unsure what she had taken, but he instinctively pursued her on foot as she jumped back in the vehicle. In his pursuit of the perpetrator, Claimant left Employer’s property, crossed the sidewalk, and caught up to the vehicle. Once there, he noticed that the item stolen from the lot was actually a $15 “bubble machine” that Claimant had purchased in an attempt to attract customers to the business. Claimant proceeded to lunge inside the passenger window of the vehicle in an attempt to grab the bubble machine. At that moment, the driver sped away, dragging Claimant down the street. Claimant was eventually thrown underneath the vehicle and run over. Due to the accident, Claimant sustained multiple injuries and has been unable to return to work.
Following a hearing, the JCC determined that Claimant’s injuries were caused by the acts of pursuing the thief and reaching into the open window of the vehicle, both of which happened off of Employer’s property. The JCC held that once Claimant crossed the right-of-way of Employer’s property, he was no longer in the course of his employment; therefore, Claimant was not eligible for workers’ compensation benefits. We reverse.
The general rule is that a claimant’s injury must arise out of and in the course of his employment to be compensable. Swartz v. McDonald’s Corp., 788 So.2d 937 (Fla.2001). However, we hold that even if Claimant’s injuries here did not qualify under this general definition, as the JCC found, Claimant’s injuries still fall within a statutory exception and are thus compensable. Section 440.092(3), Florida Statutes (2003), provides that an employee who is injured while deviating from the course and scope of his employment, including leaving the employer’s premises, is eligible for workers’ compensation benefits if the deviation is in response to an emergency and designed to save life or property. Injuries are compensable if the employment places employees in a position that requires them, by ordinary standards of humanity, to respond to emergencies. D.L. Cullifer & Son, Inc. v. Martinez, 572 So.2d 1360, 1362 (Fla.1990).
In Southern Wine & Spirits, Inc. v. Gonzalez, 429 So.2d 1294 (Fla. 1st DCA 1983), this court held that if the emergency deviation is designed to save life or property in which the employer has an interest, the injury must be considered one which arises out of and in the course and scope of his employment and should be compensa-ble. However, there is nothing in Gonzalez or in the language of section 440.092(3), Florida Statutes, to suggest that the employer must have an interest in the life or property being saved in order for the injury to be compensable. Under a plain reading of the statute, all that is required in order for a deviation to be compensable is: 1) the deviation is an emergency; and 2) the emergency is designed to save life or property. Because both of these prongs are met here, we reverse the JCC’s order and hold that the accident is com- *261 pensable. Claimant was responding to an emergency, and his response was designed to save property. Nothing in section 440.092(3), Florida Statutes (2003), precludes Claimant from receiving benefits simply because the property he was saving turned out to be his own.
Therefore, we reverse the JCC’s order and remand for further proceedings consistent with this opinion.
REVERSED and REMANDED.
ERVIN, and WEBSTER, JJ., concur.